**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

| | |
|---|---|
| STATE OF VERMONT, | ) |
| | ) |
| Plaintiff, | ) CASE NO. 2:25-cv-00660-MKL |
| | ) |
| v. | ) |
| | ) |
| 3M COMPANY, EIDP, INC., THE CHEMOURS COMPANY, THE CHEMOURS COMPANY FC, LLC, CORTEVA, INC., and DUPONT DE NEMOURS, INC., | ) ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

**MOTION FOR EXPEDITED BRIEFING AND CONSIDERATION OF PLAINTIFF STATE OF VERMONT'S MOTION TO REMAND**

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................. 1

BACKGROUND ............................................................................................................................... 2

STANDARD OF REVIEW ............................................................................................................... 4

ARGUMENT..................................................................................................................................... 4

CONCLUSION.................................................................................................................................. 7

**INTRODUCTION**

Plaintiff the State of Vermont (the State) respectfully requests expedited briefing of its Motion to Remand, filed this day. This massive, complex case seeks damages for defendants' pollution of Vermont's natural resources with the notoriously toxic "forever chemicals" known as PFAS. It has been pending for six years in Chittenden County Superior Court and is now on the verge of a **November 7 trial-ready date**.

Defendant 3M Company (3M) removed this case last year, but Judge Sessions promptly remanded it on the ground that 3M's notice of removal was untimely. Although 3M has appealed that ruling, the case was returned to state court where it has proceeded apace. 3M has now filed a new notice of removal at the eleventh hour and did so the day after the state court granted the State's contested motion for a status conference to discuss the timing of trial and pre-trial issues, which initially had been set for August 8.

The State's Motion to Remand should be briefed on an expedited schedule to preserve the trial-ready date of November 7. The parties also need to know as soon as possible whether they are in state or federal court as they prepare their pre-trial motions, which are to be filed on **September 12** according to the state court's schedule. That deadline and other state court deadlines remain valid following removal to federal court under prevailing law, unless altered by this Court. If the September 12 date must be postponed, which the State seeks to avoid if at all possible, any delay should be as minimal as possible. 3M's delay tactic here should not be rewarded.

The State respectfully requests that the Court issue an order requiring 3M to file its response to today's remand motion within eight days of today's date and the State to file its reply within eight days of 3M's response. 3M has an army of lawyers in this case—over thirty—from

1

ten law firms, including several major, national firms. And it has already filed a highly detailed notice of removal with extensive argument and case law, which greatly reduces the burden of responding to the remand motion. 3M put that lengthy removal notice together in just nine days from the alleged triggering event; with most of the work already done, it should be able to respond to the State's remand motion in an expedited fashion. The State has conferred with 3M and 3M does not agree to the State's proposal.

## BACKGROUND

In 2019, the State of Vermont filed this lawsuit in Chittenden County Superior Court against 3M and other manufacturers of PFAS and PFAS-containing products. The State seeks recovery for PFAS contamination of groundwater and other State natural resources, including drinking water. PFAS are human-made, synthetic chemicals that do not exist naturally in the environment and are toxic at extremely low levels. *See* Second Amended Complaint, ¶ 2 (Dkt. No. 1-1). As alleged in the complaint, PFAS is associated with numerous health effects including kidney and testicular cancer, ulcerative colitis, and adverse effects on fetal development, the liver, the immune system, the thyroid, and cholesterol levels. *Id.* ¶ 3. The complaint alleges that 3M manufactured PFAS and various PFAS-containing products starting in the 1940s, marketed and sold those products nationally and in Vermont, and caused PFAS contamination throughout Vermont's natural resources. *Id.* ¶¶ 5, 9, 71-77. The State also alleges that 3M knew by 1960 that PFAS were toxic and would escape into the environment. *Id.* ¶¶ 90-91.

The Superior Court designated the case as complex and it was specially assigned to Judge Toor. When Judge Toor retired, the case was assigned to Judge Shafritz. Over the past six years, the Superior Court has actively managed the case and resolved important substantive and

procedural motions, including defendants' multiple motions to dismiss, motions to compel discovery, a motion by the State to add a claim under the State's hazardous waste statute, 10 V.S.A. § 6615, as well as a motion for partial summary judgment and a motion by the State to limit this case to seven specific PFAS compounds.[1]  The parties have engaged in extensive discovery in state court involving hundreds of discovery requests, millions of pages of document productions, the disclosure of some 50 experts under state expert disclosure rules, dozens of fact depositions, and depositions of nearly all the experts.

Under the case schedule, the case is to be trial-ready by November 7, 2025.  *See* Exh. 15. The deadline to complete depositions of defendants' experts is August 22, and summary judgment and motions to exclude expert testimony are due September 12.  *Id.*  On July 17, Judge Shafritz granted a motion the State had filed (and that 3M had opposed) requesting a status conference to address trial timing and procedures for a complex trial expected to last approximately six weeks.  *See* Exh. 16 (order setting conference to discuss the "proposed length, scheduling, and procedur[e] of trial, among other issues").  3M removed this case the next day.

This is not the first time 3M has attempted to disrupt the state court proceedings.  On January 3, 2024, 3M removed this case a few months before a key discovery deadline, with the case on track for a trial-ready date in March 2025.  *See Vermont v. 3M Co.*, No. 2:24-CV-19, 2024 WL 1596887, at *2 (D. Vt. Apr. 12, 2024). Although Judge Sessions promptly remanded

---

[1] The full Superior Court docket is available here: https://portal.vtcourts.gov/app/RegisterOfActions/#/4CF262F8C3B9DF1152AC000418342EE57DD2D425D0AF2E215E7024F1C29906EDB991FC1D01C7471A1DEEA410F33087337C0CCAC63A3950DACFEC81E0494AA173/anon/portalembed.  In addition, a partial listing of Superior Court docket entries is attached as Exhibit 18 to the Krass declaration filed today in support of the State's motion to remand.  More generally, throughout this motion to expedite, "Exh. 1," "Exh. 2," *et seq.* refer to exhibits attached to this Krass declaration, and "Exh. A" and "Exh. B" refer to the two exhibits attached to this motion to expedite.

on the ground that 3M's removal was untimely, *id.* at *6, that removal tactic caused a delay in the case schedule of several months. 3M appealed the remand order, and the appeal has been fully briefed and argued since February 2025. *See Vermont v. 3M Co.*, No. 24-1250 (2d Cir.). Meanwhile, the case returned to state court and has proceeded there, until now.

After 3M removed the case this time, Judge Shafritz granted a motion by 3M's co-defendants to delay the August 8 status conference to September 5. *See* Exh. 17 ("In light of Defendant 3M's recent Notice of Removal, the status conference will be reset for September 5; however, that hearing will be continued if the case remains in federal court at that time."). The State has moved to remand this day.

## STANDARD OF REVIEW

A motion seeking expedited briefing is subject to the sound discretion of the court. A "district court has broad discretion to manage its docket." *Shahi v. Standard Fire Ins. Co.*, 2012 WL 13085373, at *3 (D. Vt. Aug. 9, 2012) (internal quotation marks omitted), *aff'd*, 523 F. App'x 38 (2d Cir. 2013). There is "power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Aguiar v. Carter*, 2020 WL 728585, at *5 (D. Vt. Feb. 13, 2020) (internal quotation marks omitted). The Local Rules provide for 30 days to oppose a dispositive motion, and 14 days for a reply. *See* L.R. 7(a)(3)(A), 7(a)(5)(A).

## ARGUMENT

The State respectfully requests that the Court order expedited briefing on the State's Motion to Remand, by requiring 3M to file its response within eight days of today and the State to file its reply eight days thereafter. Expedited briefing is warranted here for three related reasons.

4

First, the State is prejudiced by the disruption to the existing case schedule with important approaching deadlines necessary to get this case trial-ready by November 7, 2025. This case has been vigorously litigated in state court for six years. Discovery has been ongoing for almost five years. During this time, the parties have engaged in extensive discovery involving hundreds of discovery requests, millions of pages of document productions, numerous depositions, and disclosures of experts, including the depositions (and re-depositions) of dozens of expert witnesses.

But 3M's removal disrupted this mature case less than two months before the deadline for pretrial motions. This should not be allowed. *Cf. In re 3M Combat Arms Earplug Prod. Liab. Litig.*, 2022 WL 17853203, at *6–7 (N.D. Fla. Dec. 22, 2022) (stating "3M's machinations have frustrated, manipulated, and delayed the fair, efficient, and effective resolution of hundreds of thousands" of claims). To mitigate the disruption that this improper removal is causing, this remand motion should be decided as promptly as possible. *See, e.g.*, *McGilberry v. Am. Optical Corp.*, 2010 WL 11681785, at *1 (S.D. Miss. July 20, 2010) ("[t]he court ordered expedited briefing [related to a motion to remand] in view of the upcoming state court trial date"). Notably, a federal court in Maine granted a motion to expedite remand briefing in a PFAS case brought by that sister state where 3M alleged federal officer removal, just as it does here. *See* Minute Order, *Maine v. 3M Co.*, No. 2:23-cv-00210-JAW (D. Maine May 30, 2023) (Dkt. No. 14) (attached hereto as Exh. B) (granting expedited briefing and requiring 3M to respond within nine days).[2] *Maine* was removed at the outset of that case, but this case, with its impending trial, presents an even stronger basis to expedite briefing.

---

[2] After the federal court in Maine granted the motion to expedite, 3M requested that the Judicial Panel on Multi-District Litigation ("JPML") transfer the case to a federal multi-district litigation

Second, the September 12 deadline for summary judgment and motions to exclude expert testimony is an exceptionally important milestone in the case and remains in effect at this time (as it should). *See* 28 U.S.C. § 1450 (upon removal of a case from state court "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."); *Concordia Partners, LLC v. Pick*, 790 F.3d 277, 279 (1st Cir. 2015) (section 1450 "simply ensures that the state court order 'remain[s] in full force and effect,' and thus that the filing of the notice of removal does not have the consequential effect of wiping that state court order away"). Yet until the remand motion is decided, the parties do not know whether their summary judgment and expert testimony motions should be prepared under federal or state procedural law. *See id.* ("federal procedural law governs in removed cases"). While the State believes that its remand motion will be granted, timing is important as the parties work toward this deadline. And if the deadline were to change, that would reward 3M for its delay tactic and prejudice the State, which seeks to bring this case to conclusion as soon as possible. If the deadline must move, any delay should be as minimal as possible.

Third, the State has been anticipating a trial in this matter for six years and will be prejudiced by unnecessary delay of the resolution of this case. This case seeks remedies for

---

("MDL") in South Carolina and to do so before the federal court in Maine could act on the remand motion. The State then requested that the Maine federal court decide the motion to remand before the JMPL hearing date so that the Maine federal court would not lose the opportunity to decide the remand motion. *See, e.g., Maine v. 3M Co.*, 2023 WL 4758816, at *3 (D. Me. July 26, 2023) (noting that the "State . . . has urged the Court to issue a ruling on the motion to remand before the JPML acts on 3M's motion to transfer and 3M has urged the Court to delay ruling on the motion to remand until the JPML has issued its ruling"; remanding prior to JPML hearing date). If 3M requests that the JPML transfer this case, the State will similarly notify this Court and advise of the JPML hearing date.

serious harms to Vermont's environment and natural resources. Resolution of this matter will provide the State with more resources to remedy the impacts of PFAS on the State's natural resources and is thus also important to the health and welfare of the State's residents. The Court should expedite consideration of the State's Motion to Remand given the importance of this case to the Vermont public.

Finally, there is no prejudice to 3M in expediting the briefing schedule. 3M has an army of over thirty lawyers and ten law firms, including major national firms.[3] It has a head start inasmuch as its second notice of removal (Dkt. No. 1) is lengthy and detailed, and contains extensive citations to the factual record and to the case law on timeliness and the merits of removal, which it presents as a fully formed legal argument. 3M is fully able to file its response within a week.

## CONCLUSION

The State respectfully requests expedited briefing and consideration of its Motion to Remand. A proposed order is attached as Exhibit A.

Dated: August 11, 2025

Respectfully submitted,

STATE OF VERMONT

CHARITY R. CLARK
ATTORNEY GENERAL

*/s/ Laura B. Murphy*
Laura B. Murphy
Assistant Attorney General
109 State Street

---

[3] Those firms are: Jenner & Block LLP; Bowman and Brooke LLP; Mayer Brown; King & Spaulding LLP; Dinse, P.C.; Goldman Ismail Tomaselli Brennan & Baum LLP; Hughes Hubbard & Reed LLP; Gunster, Yoakley & Stewart, P.A.; Thomas Combs & Spann, PLLC; and Wilkinson Stekloff LLP.

Montpelier, VT 05609-1001
(802) 828-3186
laura.murphy@vermont.gov

Matthew F. Pawa
Benjamin A. Krass
Kyle Landis-Marinello
MacKennan Graziano (*pro hac vice* forthcoming)
Pawa Law Group, P.C.
1280 Centre Street, Suite 230
Newton Centre, MA  02459

Kyle J. McGee (*pro hac vice*)
Viola Vetter (*pro hac vice*)
Grant & Eisenhofer P.A.
123 Justison Street
Wilmington, DE 19801
(302) 622-7000