IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| STATE OF VERMONT,<br><br>                 Plaintiff,<br><br>   v.<br><br>3M COMPANY; E. I. DU PONT DE NEMOURS AND COMPANY; THE CHEMOURS COMPANY; THE CHEMOURS COMPANY FC, LLC; CORTEVA, INC.; AND DUPONT DE NEMOURS, INC.,<br><br>                 Defendants. | Case No. 2:25-cv-00660<br><br>JURY TRIAL DEMANDED |

**DEFENDANT 3M COMPANY'S EXPEDITED MOTION
TO TEMPORARILY STAY PROCEEDINGS**

Defendant 3M Company moves for a temporary stay in light of the Second Circuit's decision issued yesterday reversing the order of Judge Sessions remanding this case to state court following 3M's prior removal of this case. *See* Ex. 1 (*State of Vermont v. 3M Co.*, No. 24-1250-cv (2d Cir. Aug. 19, 2025)). As the Court is aware, this proceeding stems from 3M's July 18, 2025 notice of removal on a basis that is distinct from, but related to, the issues raised by the prior removal. As a result, there are currently two separate removal proceedings pending in federal court in this case. 3M requests that the Court stay this proceeding pending issuance of the Second Circuit's mandate so that the two removal proceedings may be resolved together. While 3M is prepared to file its response to the State's motion to remand, 3M requests that this Court rule on this motion by **Monday, August 25, 2025**, in light of 3M's August 26 deadline to respond to the State's pending motion. In the alternative, 3M requests that this Court defer ruling on that motion and order that the proceeding be stayed upon completion of the parties' briefing.

1

1.     In January 2024, 3M removed this case to the United States District Court for the District of Vermont under the federal-officer removal statute, 28 U.S.C. § 1442(a)(1), asserting federal jurisdiction based on production of copper-clad laminates (CCL) pursuant to military specifications at a facility in Rutland, Vermont (the Rutland Removal).  *See* Ex. 1 at 10 (Second Circuit Opinion); Dkt. 1, ¶¶ 19–21 (AFFF Notice of Removal); Dkt. 7 (Civil Cover Sheet); Notice of Removal, *State of Vermont v. 3M Co., et al.*, No. 2:24-cv-00019 (D. Vt.), ECF No. 1 (Rutland Notice of Removal).  3M alleged that PFAS from the production of CCLs had plausibly commingled with PFAS from other sources at the Rutland landfill and that 3M has a federal government-contractor defense for any PFAS contamination from CCLs.  *E.g.*, Rutland Notice of Removal ¶¶ 2, 6.  The Court (Sessions, J.) concluded that 3M's removal was untimely and granted the State's motion to remand without reaching the merits of the Rutland Removal.  3M appealed to the Second Circuit.

While that appeal concerning the Rutland Removal proceeded, the parties continued to litigate in state court.  In a supplemental deposition following an out-of-time expert disclosure, the State's fate-and-transport expert revealed a separate but related basis for 3M to remove under the federal-officer removal statute—this time based on 3M's production of military-specification AFFF (MilSpec AFFF).  3M again timely removed on that basis on July 18, 2025 (the AFFF Removal).  *See* Dkt. 1.  3M alleges, based on the State's expert's new testimony, that the State is seeking to recover for sites where PFAS from MilSpec AFFF and non-AFFF sources are commingled and indistinguishable.  3M asserts a federal government-contractor defense as to any contamination from MilSpec AFFF.  The State has moved to remand following the AFFF Removal, arguing that 3M's removal was untimely, that the allegations in 3M's notice of removal

are insufficient, and that the alleged MilSpec AFFF contamination at issue is too small to give rise to federal jurisdiction over this case. Briefing on the State's remand motion is underway.

On August 19, 2025, the Second Circuit issued its decision on the Rutland Removal. The court of appeals held that 3M timely removed this case to federal court. Ex. 1 at 3, 12 (Second Circuit Opinion). The Second Circuit accordingly vacated the Rutland Removal order and remanded the case to the district court to determine whether 3M "plausibly alleged federal officer removal jurisdiction." *Id.*

2.  In view of the Second Circuit's decision, this Court should stay further proceedings in this case temporarily to allow consolidation of the two parallel proceedings involving removal of the same state-court action. Although 3M's removal notices are premised on different theories and raise some distinct issues, they also contain related issues that warrant consolidated consideration. Both notices of removal invoke the federal-officer removal statute. Both notices allege that the State's suit implicates PFAS stemming from certain products 3M manufactured for the United States government in conformity with precise military specifications that have plausibly commingled with PFAS from other sources in at-issue sites—CCLs in the Rutland Removal, and AFFF here. *See* Dkt. 1; Rutland Notice of Removal. And in both cases, the State has asserted that 3M's removal was untimely.

Now that the Second Circuit has held that the Rutland Removal was timely and directed the Court in that proceeding to consider the merits of that removal, this Court should briefly pause this proceeding until the court of appeals' mandate issues and the Rutland Removal is returned to the District of Vermont. *See* Fed. R. App. P. 41. At that time, the two removal proceedings can be consolidated, the presiding judge can determine whether to order consolidated briefing, and all outstanding questions regarding the propriety of a federal forum can be decided together. *See* L.R.

3

42(a)(2) (allowing court to consolidate sua sponte or upon a party's motion). Even absent consolidation, the Court should not rule on the State's remand motion at this time, because further proceedings in connection with the Rutland Removal may inform the Court's consideration of the issues.

Efficiency, fairness, and conservation of judicial resources favor consolidation. "It is well established that 'litigating related actions in the same tribunal fosters efficient case administration, avoids needless expense, and avoids the risk of conflicting rulings.'" *See Shiloah v. GEICO Indem. Co.*, 2025 WL 762548, at *7 (W.D.N.Y. Mar. 11, 2025). That is particularly true here: Absent consolidation, two separate federal-court proceedings arising from removal of the *same state-court case* would be pending simultaneously. *See In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 158 F.R.D. 562, 570 (S.D.N.Y. 1994) ("When duplicative actions are pending before the same court, consolidation of such actions is proper."). Allowing those proceedings—each focused on the same question of whether the merits of the underlying dispute should be litigated in federal or state court—to progress separately could potentially lead to inconsistent rulings on the merits of removal, resulting in confusion regarding jurisdiction over the same underlying action and piecemeal appeals. *Cf. Brown v. Plata*, 563 U.S. 493, 500 (2011) ("Because the two cases are interrelated, their limited consolidation for this purpose has a certain utility in avoiding conflicting decrees and aiding judicial consideration and enforcement."). By contrast, if the two proceedings are consolidated, the Court overseeing both can set a comprehensive schedule for briefing all outstanding removal issues—and eventually for concluding discovery and filing pretrial motions. *See also* Dkt. 66 (3M motion to extend time to file discovery and motion schedule).

The Court should preserve its own ability to decide whether to consolidate the proceedings based on considerations of efficiency, fairness, and the interests of justice. These decisions should

not be dictated by the timing of the State's remand motion in this proceeding, nor the State's erroneous contention (based on the state-court schedule) that dispositive and other pretrial motions in this case should be filed by September 12. *See* Dkt. 54 at 6 (State's Motion to Expedite); Dkt. 66 at 9 (3M's motion to extend time to file a proposed schedule under Local Rule 26(a)(2), because no scheduling order is currently in effect).

Such a pause would not prejudice the State. The Second Circuit's mandate will issue in 20 days, unless the State itself seeks further review that delays the mandate's issuance. *See* Fed. R. App. P. 41(b) (mandate issues 7 days after the later of the deadline to seek rehearing or denial of rehearing); Fed. R. App. P. 40(d)(1) (rehearing petition "must be filed within 14 days after judgment is entered").

Accordingly, 3M asks the Court to stay this case pending the return of the Rutland Removal proceeding and consolidation of both matters. In the alternative, 3M respectfully requests that the Court defer ruling on the State's motion to remand and order the case be stayed upon completion of the parties' briefing on the motion. Because 3M's opposition to the State's motion to remand this (AFFF Removal) proceeding is due August 26, 2025, 3M requests a ruling on this motion by **Monday, August 25, 2025**.

## CONCLUSION

The Court should stay this proceeding until the Second Circuit's mandate issues and the two removal proceedings are consolidated.

5

Dated: August 20, 2025                    Respectfully submitted,

                                          */s/ Ritchie E. Berger*

                                          Ritchie E. Berger
                                          Kendall Hoechst
                                          Anne Rosenblum
                                          DINSE P.C.
                                          209 Battery Street, PO Box 988
                                          Burlington, VT 05402
                                          Tel: (802) 864-7571
                                          rberger@dinse.com
                                          khoechst@dinse.com
                                          arosenblum@dinse.com

                                          *Counsel for Defendant 3M Company*

## LOCAL RULE 7(a)(7) CERTIFICATE OF COMPLIANCE

As required by Local Rule 7(a)(7), I certify that counsel for 3M conferred with counsel for the State in a good-faith attempt to obtain the State's agreement to the requested relief. The State's counsel indicated that this motion is opposed.

*/s/ Ritchie E. Berger*
Ritchie E. Berger, Esq.
DINSE P.C.
209 Battery Street, PO Box 988
Burlington, VT 05402
Tel: (802) 864-7571
rberger@dinse.com
