IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| STATE OF VERMONT,<br><br>              Plaintiff,<br><br>    v.<br><br>3M COMPANY; E. I. DU PONT DE NEMOURS AND COMPANY; THE CHEMOURS COMPANY; THE CHEMOURS COMPANY FC, LLC; CORTEVA, INC.; AND DUPONT DE NEMOURS, INC.,<br><br>              Defendants. | Case No. 2:25-cv-00660<br><br>JURY TRIAL DEMANDED |

**DEFENDANT 3M COMPANY'S REPLY IN SUPPORT OF**
**<u>EXPEDITED MOTION TO TEMPORARILY STAY PROCEEDINGS</u>**

      The State's opposition confirms that this Court should stay proceedings on the State's remand motion to allow the Rutland Removal and AFFF Removal to be considered together.

      The State has asserted that it does not intend to seek further review of the Second Circuit's reversal of the district court's Rutland Removal decision. Thus, when the Second Circuit's mandate issues within the next few weeks pursuant to that Court's rules, this Court will be deciding two related motions to remand that the State has filed in an effort to thwart 3M's right to a federal forum for this federal case. The State does not dispute that a ruling for 3M on the Rutland Removal would moot the dispute over the AFFF Removal, or that a ruling for 3M on the AFFF Removal would moot the Rutland Removal, thus making clear that consolidation would conserve judicial resources. Moreover, both motions present the same core legal issue that the Fourth Circuit recently decided in 3M's favor: whether 3M's plausible allegations—that indistinguishable PFAS from military and non-military products have commingled in at-issue sites—establish a sufficient

1

nexus for removal. The State cannot run from this issue by seeking a hasty remand of the case to state court in the hope that proceedings there will overtake the analysis of the core federal interests that 3M has asserted in its two removal petitions and that the Second Circuit has said must be assessed with respect to the Rutland Removal.

The State's proposal to rush ahead with briefing on the AFFF Removal would frustrate consolidation and yield no offsetting benefit. The State admits that the case cannot return to state court while either of 3M's removal petitions remains in federal court. Dkt. 91 at 2.

The State's assertion that the Court should push forward with briefing on the State's remand motion because of deadlines the state court previously set for pretrial motions fails. That state-court schedule does not govern in federal court, does not in any respect take into account the interests of the federal judiciary, and certainly does not constrain *this* Court's discretion to set a schedule it deems appropriate. Dkt. 66. The State's prior arguments for expedition based upon the primacy of state interests have been overtaken by the Second Circuit's intervening decision.

Contrary to the State's assertion, awaiting the Second Circuit's mandate would not materially delay consideration of the merits of both removals. The State represents (at 2 n.1) that it will not appeal the Second Circuit's ruling, so the mandate will issue no later than September 9.

Accordingly, 3M asks the Court to stay this case pending the return of the Rutland Removal proceeding. In the alternative, 3M respectfully requests that the Court defer ruling on the State's motion to remand and order the case be stayed upon completion of the parties' briefing on the motion.

Dated: August 21, 2025					Respectfully submitted,

							*/s/ Ritchie E. Berger*

							Ritchie E. Berger
							Kendall Hoechst
							Anne Rosenblum
							DINSE P.C.
							209 Battery Street, PO Box 988
							Burlington, VT 05402
							Tel: (802) 864-7571
							rberger@dinse.com
							khoechst@dinse.com
							arosenblum@dinse.com

							*Counsel for Defendant 3M Company*