**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

| | |
|---|---|
| STATE OF VERMONT, | ) |
| | ) |
| Plaintiff, | ) CASE NO. 2:25-cv-00660-MKL |
| | ) |
| v. | ) |
| | ) |
| 3M COMPANY, EIDP, INC., THE CHEMOURS COMPANY, THE CHEMOURS COMPANY FC, LLC, CORTEVA, INC., and DUPONT DE NEMOURS, INC., | ) ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF STATE OF VERMONT'S REPLY BRIEF**
**IN SUPPORT OF ITS MOTION TO REMAND**

**TABLE OF CONTENTS**

ARGUMENT ................................................................................................................................. 1

   I.    3M's violation of 28 U.S.C. § 1446(a) and Local Rule 81(a) supports remand. .................. 1

   II.   3M's removal was untimely ................................................................................................ 2

   III.  This case should be remanded because 3M has not shown a causal nexus between 3M's AFFF and the non-AFFF claims in this case ........................................................................ 7

      A.   3M has neither plausibly alleged nor shown that this case contains AFFF-contaminated sites. ....................................................................................................................................... 7

      B.   The State has disclaimed any AFFF recovery. ............................................................... 11

      C.   The number of sites allegedly contaminated by AFFF is too small to support jurisdiction. ............................................................................................................................. 13

CONCLUSION ............................................................................................................................ 13

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abbo-Bradley v. City of Niagara Falls*,
  73 F.4th 143 (2d Cir. 2023) ................................................................................................... 4

*ACS v. Malek*,
  No. 20-cv-7623 (JMF), 2020 WL 6748476 (S.D.N.Y. Oct. 7, 2020) ....................................... 1

*Baker v. Atl. Richfield Co.*,
  962 F.3d 937 (7th Cir. 2020) ............................................................................................... 12

*City of Hoboken v. Chevron Corp.*,
  45 F.4th 699 (3d Cir. 2022) ................................................................................................. 13

*Connecticut v. EIDP, Inc.*,
  No. 3:24-cv-239 (SRU), 2024 WL 5135601 (D. Conn. Dec. 17, 2024) ......................... 12, 13

*Connecticut v. Exxon Mobil*,
  83 F.4th 122 (2d Cir. 2023) ................................................................................................... 7

*Cutrone v. Mortg. Elec. Registration Sys.*,
  749 F.3d 137 (2d Cir. 2014) ............................................................................................. 4, 6

*Dart Cherokee Basin Operating Co. v. Owens*,
  574 U.S. 81 (2014) .......................................................................................................... 7, 10

*Dearien v. Union Carbide*,
  530 F. Supp. 3d 622 (S.D.W. Va. 2021) ............................................................................... 6

*Deutsche Bank Nat'l Tr. Co. v. Bussone*,
  No. 5:16-cv-1266 (TJM/ATB), 2016 WL 6839564 (N.D.N.Y. Oct. 25, 2016) ....................... 1

*Gov't of Puerto Rico v. Express Scripts, Inc.*,
  119 F.4th 174 (1st Cir. 2024) .............................................................................................. 12

*Hawaii v. CaremarkPCS Health, L.L.C.*,
  No. CV 23-00464 LEK-RT, 2025 WL 1218598 (D. Haw. Apr. 28, 2025) .......................... 12

*Illinois ex rel. Raoul v. 3M Co.*,
  111 F.4th 846 (7th Cir. 2024) ....................................................................................... 11, 12

*In re MTBE Prods. Liab. Litig.*,
  488 F.3d 112 (2d Cir. 2007) .................................................................................................. 2

*Isaacson v. Dow Chem. Co.*,
    517 F.3d 129 (2d Cir. 2008) .................................................................................................. 8

*Jefferson County v. Acker*,
    527 U.S. 423 (1999) ..................................................................................................... 8, 10

*Leite v. Crane Co.*,
    749 F.3d 1117 (9th Cir. 2014) ............................................................................................ 8

*London v. Polishook*,
    189 F.3d 196 (2d Cir. 1999) .......................................................................................... 8, 10

*Maine v. 3M Co.*,
    No. 2:23-cv-00210-JAW, 2023 WL 4758816 (D. Me. July 26, 2023) ..................................... 4

*Maryland v. 3M Co.*,
    130 F.4th 380 (4th Cir. 2025) ................................................................................... passim

*New Hampshire v. 3M Co.*,
    132 F.4th 556 (1st Cir. 2025) ........................................................................................ 3, 6

*Romulus v. CVS Pharmacy, Inc.*,
    770 F.3d 67 (1st Cir. 2014) ................................................................................................ 4

*Taylor v. Medtronic*,
    15 F.4th 148 (2d Cir. 2021) ............................................................................................... 1

*Vermont v. 3M Co.*,
    No. 2:24-cv-19, 2024 WL 1596887 (D. Vt. April 12, 2024) .................................................... 6

*Vermont v. 3M Co.*,
    No. 24-1250-cv, 2025 WL 2394534 (2d Cir. Aug. 19, 2025) ................................................. 2

**Statutes**

28 U.S.C. § 1446 ..................................................................................................................... 1

28 U.S.C. § 1446(a) ................................................................................................................. 1

28 U.S.C. § 1446(b) ................................................................................................................. 5

28 U.S.C. § 1447(b) ................................................................................................................. 2

28 U.S.C. § 1449 ..................................................................................................................... 2

**Rules**

Local Rule 81 ................................................................................................................. 1

3M Company's removal fails on multiple grounds. 3M failed to follow a procedural requirement of the removal statute and this Court's rules, its removal was out of time, and its federal officer argument fails badly on the merits. The Court should remand to state court.

## ARGUMENT

**I.     3M's violation of 28 U.S.C. § 1446(a) and Local Rule 81(a) supports remand.**

3M does not dispute that it failed to file numerous documents within thirty days as required by 28 U.S.C. § 1446(a) and L.R. 81(a). Instead, it cites case law outside the Second Circuit holding that a failure to comply may be cured, and contends that *Taylor v. Medtronic*, 15 F.4th 148 (2d Cir. 2021), does not apply to the defect at issue here. 3M's Opp. to State's Mot. to Remand (Opp.) at 23–25. Even though the defect in *Taylor* was different from the defect at issue here, *Taylor* affirms that the procedural requirements of section 1446 *generally* are mandatory. *See Taylor*, 15 F.4th at 153 ("nothing *in the statute* provides a court with any discretion . . . to cure a failure to meet *the statute's* requirements" (emphases added)). In fact, *Taylor* reversed a decision allowing defendants to cure a procedural default. *Id.* at 150, 153.

3M cites only two cases by district courts in the Second Circuit, Opp. at 24 n.6, but both pre-date *Taylor* and neither addresses a violation of a local rule. Both before and after *Taylor*, numerous district courts in the Second Circuit have held that a failure to file papers required by section 1446(a) requires remand, including in *pro se* cases where the argument for excusing noncompliance is at its strongest.[1] Nor can 3M find refuge in the presumptions that apply to the *merits* of federal officer removal, Opp. at 25, because even in the federal officer removal context,

---

[1] *See* Motion to Remand (Mot.) at 12–13. For *pro se* cases, *see ACS v. Malek*, No. 20-cv-7623 (JMF), 2020 WL 6748476, at *2 (S.D.N.Y. Oct. 7, 2020); *Deutsche Bank Nat'l Tr. Co. v. Bussone*, No. 5:16-cv-1266 (TJM/ATB), 2016 WL 6839564, at *2 (N.D.N.Y. Oct. 25, 2016), *report and rec. adopted*, No. 516CV1266TJMATB, 2016 WL 6839454 (N.D.N.Y. Nov. 21, 2016).

1

the Second Circuit has affirmed that the "statutory procedures for removal are to be strictly construed." *In re MTBE Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (quotation marks omitted).[2] The case should be remanded due to 3M's procedural default.

**II.     3M's removal was untimely.**

3M's primary argument on timeliness is that, until Dr. Fogg's July 2025 deposition, the State had not made "explicit" that it "seeks damages for sites with PFAS from MilSpec AFFF." Opp. at 18. But the State seeks no such thing and Dr. Fogg said no such thing: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ do not support actual, *plausible* commingling at any site in this case. *See infra* § III.A. And on timeliness, even assuming *arguendo* that 3M's speculation could establish plausibility, the State long ago disclosed to 3M the facts upon which 3M now bases removal. Those facts establish both the possibility of commingling and suggest a connection to a military specification. *See Vermont v. 3M Co.*, No. 24-1250-cv, 2025 WL 2394534, at *3 (2d Cir. Aug. 19, 2025) (requiring a paper that specifies the product and "suggests a connection" to MilSpec).

***The product at issue:  the State disclosed possible AFFF commingling.***  3M contends that the State's prior statements in the original complaint and prior testimony that PFAS are "ubiquitous" and can travel "great distances" are too vague. Opp. at 20–21 & n.5. But 3M cannot be serious that these terms and other similar statements, *see* Mot. at 14–16, did not notify 3M of the possibility ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ the possibility on which 3M bases its removal. *E.g.*, SNOR ¶¶ 4, 5, 31, 43, 44. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[2] 3M also relies on 28 U.S.C. §§ 1447(b) and 1449, but the former merely allows the court to require a removing defendant or state court to supply the entire record where appropriate while the latter addresses state court non-compliance with transmittal of the record.

██████████████████████████████████████████████████

████████████ ████████████████████████████████████

██████████████████████████████████████████████████

██████[3] If anything, the original complaint was more explicit and emphatic about PFAS' mobility █████████████████████████████████████████

This is especially true when these allegations are coupled with the State's disclosure in its initial complaint that there was a second statewide case about AFFF contamination—and even that the potential for cross-contamination (and for removal) was high enough that the State disclaimed relief for AFFF contamination. Dkt. 53-2 ¶ 13. The First Circuit considered a nearly identical set of statements, which alleged "pervasive contamination across the natural resources of the state" and disclaimed AFFF as a basis of recovery, and held that these statements sufficed to notify 3M of potential commingling—without requiring allegations about specific distances PFAS could travel. *New Hampshire v. 3M Co.*, 132 F.4th 556, 562–63 (1st Cir. 2025).[4]

3M argues that *New Hampshire* was addressing removability based on later disclosures rather than the complaint. Opp. at 20. But the relevant question is whether the statements, made in a complaint or otherwise, are sufficient for the defendant to ascertain removability. Here, the allegations in Vermont's complaint—which are virtually identical to (if not stronger than) the post-complaint statements in *New Hampshire*—sufficed to disclose to 3M the possibility of commingling.[5] And here as in *New Hampshire*, the next step to ascertain removability was

---

[3] 3M appears to have dropped its surface water theory of removal. Mot. at 16.

[4] 3M says the First Circuit did not rely on a disclaimer of recovery for AFFF contamination, Opp. at 20, but it did. *See New Hampshire*, 132 F.4th at 562 (disclaimer in legal brief "informed 3M that 3M's AFFF had contaminated New Hampshire's natural resources").

[5] Again, the possibility of commingling is not sufficient to establish a plausible basis for removal. *See infra* § III.A; Mot. at 21–24. But it is this possibility upon which 3M bases its removal, and that possibility was provided to 3M years ago.

satisfied when Vermont expressly flagged the MilSpec issue in a post-complaint filing. *See* Mot. at 16–17; *Abbo-Bradley v. City of Niagara Falls*, 73 F.4th 143, 148 (2d Cir. 2023) (where case stated by initial complaint is not removable, defendant must remove within thirty days of receiving paper from which it may ascertain removability).[6] In ascertaining removability, the defendant must read papers it receives "in combination with earlier-filed pleadings." *See Cutrone v. Mortg. Elec. Registration Sys.*, 749 F.3d 137, 146 (2d Cir. 2014) (quotation marks omitted).

Similar allegations in sister states prompted 3M to remove non-AFFF cases by Maryland, South Carolina, and Maine to federal court within thirty days after they were filed. *Maryland v. 3M Co.*, 130 F.4th 380, 386 (4th Cir. 2025); *Maine v. 3M Co.*, No. 2:23-cv-00210-JAW, 2023 WL 4758816, at *1 (D. Me. July 26, 2023). But here, 3M waited until the case was six years old and a few months from its trial-ready date before removing.

3M's further argument that the disclaimer lulled 3M into complacency, Opp. at 20, contradicts *New Hampshire*, where the First Circuit held that a similar disclaimer proved (rather than disproved) that 3M was informed of possible commingling. And notably, the State's disclaimer did not prevent 3M from removing some six weeks ago. Nor can 3M have relied on ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬—which means that 3M cannot explain how, over the five years *before* July 2024, it never occurred to 3M that it was at least "possible" that there was some overlap between two lawsuits about two types of "ubiquitous" PFAS compounds that travel "great

---

[6] The First and Second Circuits apply the same ascertainability standard. *See Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 75 (1st Cir. 2014) ("We agree with the Second Circuit . . . .").

4

distances." Indeed, if that potential overlap did not exist from the beginning, the State would have had no reason to make a disclaimer.

Perhaps recognizing the weakness of its position, 3M pivots to a new allegation, *i.e* ▮



Finally, ▮

▮ 3M says the disclosure must come from the plaintiff, Opp. at 22, but the plain language of section 1446(b) requires only that the removing defendant be in "receipt" of a pleading, motion, order, or other paper that makes the case removable; notably "orders" are sent directly by the court. 3M points out that the Second Circuit has said the 30-day clock does not

---

[7] 3M additionally points to ▮ ▮, but that facility has been in this case from the start, *see* Dkt. 53-2 ¶ 208, and ▮ To the extent 3M is suggesting that PFAS from AFFF use can move via air the same distance as non-AFFF PFAS emitted from an industrial smokestack like the one in Bennington, that suggestion has no basis in the record.  In any event, the movement of non-AFFF PFAS from smokestacks over long distances is old news in this case. ▮ ▮ , 149:6–8 ("Q: Is it possible that other PFAS compounds could travel through the air up to 15 miles? A: Yes").

5

start "until the plaintiff" serves defendant with a document disclosing the relevant facts, *Cutrone*, 749 F.3d at 145, but this was in the context of the amount-in-controversy requirement of the Class Action Fairness Act and the need to avoid a requirement that would force defendants to "guess" the amount of damages in issue—not the level of information sufficient to ascertain removability under federal officer removal, *id.* at 143–44, 145. The Second Circuit did not decide whether a document served by other parties suffices to start the clock. The court in *Dearien v. Union Carbide*, 530 F. Supp. 3d 622, 631 (S.D.W. Va. 2021), says just that and is on point but 3M simply ignores *Dearien*.

**The MilSpec connection.** The State long ago informed 3M that Vermont was contaminated by alleged MilSpec AFFF, including from military facilities such as the Air National Guard.[8] And here again, *New Hampshire* is on point, because the First Circuit held that 3M was informed of the MilSpec connection by documents describing the AFFF suit and the MilSpec theory, without requiring identification of specific "MilSpec" AFFF sites. *See* 132 F.4th at 562–63.

3M propounds a new theory in its brief that, in fact, the removal clock has never started running at all because the State allegedly never told 3M which AFFF sites are "MilSpec" AFFF sites, so 3M had to determine for itsel▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ But this contradicts both the evidence of the State's disclosure regarding MilSpec as well as 3M's express admission in its notice of removal

---

[8] *See* Dkt. 53-3 ¶ 243 (listing AFFF sites including military locations); Dkt. No. 53-20 at 335:3–336:20 (state witness deposition describing AFFF releases from Air National Guard base); State's Motion to Remand at 1–2, *State of Vermont v. 3M*, No. 2:24-cv-00019-WKS (D. Vt. Jan. 26, 2024) (Dkt. 10) (referencing removal of AFFF case based on military design specifications theory); *Vermont v. 3M Co.*, No. 2:24-cv-19, 2024 WL 1596887, at *1 (D. Vt. April 12, 2024) (referencing removal based on MilSpec).

tha█████████████ was a "clear and unambiguous demonstration of removability based on federal officer jurisdiction related to MilSpec AFFF." SNOR ¶ 10. 3M's notice, in fact, specifically pointed to the Air National Guard base as a source of MilSpec AFFF; 3M contended

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

Yet 3M now refers back to this same paragraph of its notice to argue the opposite, *i.e.*, that it was somehow never put on notice by the State of a basis to remove and had to look harder at the evidence to identify ████████████████████████. Opp. at 22. Notably, 3M cites no evidence that it ever did any real investigation to distinguish ████████████ ████████████.

In short, the State informed 3M years ago of facts showing that commingled MilSpec AFFF contamination was a possibility. 3M's removal is untimely.

**III. This case should be remanded because 3M has not shown a causal nexus between 3M's AFFF and the non-AFFF claims in this case.**

**A. 3M has neither plausibly alleged nor shown that this case contains AFFF-contaminated sites.**

The "defendant always has the burden of establishing that removal is proper." *Connecticut v. Exxon Mobil*, 83 F.4th 122, 132 (2d Cir. 2023). 3M was required to make "candid, specific and positive allegations" supporting federal officer removal. *Id.* at 144. And as 3M concedes, these allegations must be "plausible." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 82 (2014); *accord* Opp. at 7; *Maryland*, 130 F.4th at 387. Because these allegations were challenged by the State, 3M also has the burden to "submit proof" in support of its alleged facts. *Dart Cherokee*, 574 U.S. at 82. And while courts are required to "credit [the defendant's] theory of the case" where the parties' evidence is conflicting, *Isaacson v. Dow*

7

*Chem. Co.*, 517 F.3d 129, 137 (2d Cir. 2008), 3M is still required to make a "colorable" or "adequate threshold showing" that each jurisdictional fact exists, *Jefferson County v. Acker*, 527 U.S. 423, 432 (1999), similar to the way a non-moving party is required to identify a material factual dispute to avoid summary judgment, *Leite v. Crane Co.*, 749 F.3d 1117, 1121–22 n.3 (9th Cir. 2014); *London v. Polishook*, 189 F.3d 196, 198–99 (2d Cir. 1999). 3M has failed to clear both hurdles: its allegations of commingled contamination were never plausible, and its counter-evidence does not make a prima facie showing of commingled contamination either.

*No plausible allegations.* To demonstrate "commingling," 3M quotes questions by 3M's lawyer, as ███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████ In short, a statement that commingling is possible depending on the circumstances is emphatically not a statement that commingling is plausible. 3M has not met its burden.

---

[9] In a remarkable turn, 3M says the Court should disregard ████████████████████ ████████████████████████████████████████████████████ Opp. at 10. But 3M's whole removal turns on what ██████████████

***3M fails to meet its evidentiary burden.*** What is more, now that the State has challenged 3M's allegations with evidence disproving commingling, 3M has also not carried its burden to submit proof of the alleged AFFF contamination. Specifically, the State put in witness testimony and expert analysis that AFFF groundwater plumes in Vermont have not contaminated any sites ▮▮▮▮▮, that AFFF contamination is infeasible at the particular site mentioned in the notice of removal, and ▮▮▮▮▮ ▮▮▮▮▮.[10]

In response, 3M has only offered a new opinion by its expert ▮▮▮▮▮ ▮▮▮▮▮

---

[10] Mot. at 23–24; *see also, e.g.*, Dkt. 53-6 at 21; Dkt. 53-10 at 9; Dkt. 53-28 ¶ 7. In fact, 3M's removal notice mentioned only two specific sites: (1) the South Burlington landfill and (2) the Burlington-North wastewater treatment facility. SNOR ¶ 44. The State's remand motion noted that the South Burlington landfill was excluded from the case in 2024 and the Burlington-North wastewater treatment facility receives its waste from sources with no AFFF connection. Mot. at 10; Dkt. 53-29 ¶ 5. 3M's brief does not even try to counter these arguments.

9

[REDACTED]

Without its own competent proof, 3M suggests that this record is irrelevant, because it raises "merits questions" that cannot be addressed at the jurisdictional stage. Opp. at 11. But this turns the threshold standard for removal on its head. For example, though 3M relies on *Maryland*, that case did not treat the issue of whether 3M had plausibly alleged jurisdictional facts as a "merits question." Instead, the court resolved that question at the outset by emphasizing that the plaintiffs had sought recovery for "PFAS contamination near military bases where 3M alleges it sold Military AFFF." *Maryland*, 130 F.4th at 390. As 3M has conceded, it was required to make a "plausible" allegation of federal jurisdiction. *See* Opp. at 7 (quoting *Dart Cherokee*, 574 U.S. at 82). And once the State submitted evidence contradicting 3M's allegations, 3M was required to "submit proof." *Dart Cherokee*, 574 U.S. at 82. 3M may be entitled to have material factual disputes resolved in its favor, *cf. London*, 189 F.3d at 198–99, but its evidence nonetheless must make a "colorable" or "adequate" threshold showing of each jurisdictional fact. *Jefferson County*, 527 U.S. at 432.

Here, 3M's allegations are *not* plausible because they rely entirely on [REDACTED] And when the State pointed out that the actual evidence in this case similarly indicates no cross-contamination of non-AFFF sites, 3M's only counter-

10

evidence turned out to be █████████████████████████████████ ███████ In short, 3M's allegations are not plausible, and its evidence does not make a colorable or adequate threshold showing of commingled contamination. 3M has not carried its burden to show that this Court has federal officer jurisdiction.

### B. The State has disclaimed any AFFF recovery.

3M's attack on the State's disclaimer ignores the caselaw and the State's plain words.

*First*, 3M seems to ignore the State's explicit statement that its disclaimer "disclaims any recovery for a site that is even partially contaminated by AFFF." Mot. at 20. Such a disclaimer makes 3M's federal contractor defense "wholly irrelevant." *Illinois ex rel. Raoul v. 3M Co.*, 111 F.4th 846, 849 (7th Cir. 2024); *accord Maryland*, 130 F.4th at 392 & n.6 (agreeing with *Raoul* that cases with express disclaimers of AFFF recovery "may remain in state court"). 3M notes that in *Raoul*, Illinois "clearly and unequivocally conceded that it would not seek relief against 3M for mixed PFAS contamination." Opp. at 15 (alterations omitted). But 3M wrongly argues that Vermont "has not made that further concession," *id.*, when in fact the State disclaimed recovery for sites "even partially contaminated by AFFF." Mot. at 20. 3M's misreading of the State's disclaimer undermines its reliance on *Maryland*. In four places in its brief, 3M cites *Maryland* as holding that a remand is required to avoid the factfinder "apportioning" or determining "to what extent" liability at a site was caused by AFFF. Opp. at 10, 13, 14, 15. But there is no need for apportioning here, because Vermont has disclaimed any right to recover at sites that are "even partially contaminated by AFFF." Mot. at 20. In short, where the plaintiff plans to ask the factfinder to apportion between AFFF and non-AFFF contamination so as to award partial relief (as in *Maryland*), then the disclaimer does not suffice. But where the plaintiff disclaims relief for sites shown to be even partially contaminated by AFFF (as in

11

*Raoul*), then the disclaimer suffices to allow the plaintiff to "remain in state court." *Maryland*, 130 F.4th at 392. That is what has happened here.

*Second*, 3M ignores caselaw contradicting its position. For instance, 3M categorizes the State's disclaimer as "mere artful pleading," Opp. at 13, but "express disclaimers"—which is the sort of disclaimer the State has made here, *see* Mot. at 20—are in a different category from disclaimers "that amount to artful pleading." *Gov't of Puerto Rico v. Express Scripts, Inc.*, 119 F.4th 174, 187 (1st Cir. 2024).[11] The State's disclaimer is not a ruse: the State has forfeited a right to use this lawsuit to pursue ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ "clearly carve[s] out certain factual bases . . . by . . . location" in a way that "will prevent removal." *Express Scripts*, 119 F.4th at 187 (quotation omitted). When there are no "claims that arise from a location [connected to] the federal government," the federal officer defense is "not . . . a proper basis for removal." *Id. Express Scripts* supports remand.[12]

3M also fails to grapple with the district court cases that directly support remand for this type of disclaimer. *See* Mot. at 18 (collecting cases) & 20 (clarifying disclaimer). 3M attempts to distinguish *Connecticut v. EIDP, Inc.*, No. 3:24-cv-239 (SRU), 2024 WL 5135601 (D. Conn. Dec. 17, 2024), solely on the grounds that it is "on appeal before the Second Circuit, where *Agyin* is controlling precedent." Opp. at 16 (citation omitted). But *Agyin* came out in 2021 and

---

[11] *Accord Hawaii v. CaremarkPCS Health, L.L.C.*, No. CV 23-00464 LEK-RT, 2025 WL 1218598, at *9 (D. Haw. Apr. 28, 2025) ("express claim waivers have almost always been found sufficient to eliminate the factual basis of a federal defense so that remand is appropriate").

[12] 3M's reliance on a footnote in *Baker v. Atl. Richfield Co.*, 962 F.3d 937, 945 n.3 (7th Cir. 2020), is misplaced. That disclaimer was vague and only three years later the Seventh Circuit remanded *Raoul*, based on a disclaimer similar to the State's disclaimer here.

was cited by *Connecticut*. 2024 WL 5135601, at *3. *Connecticut* also looked at *Express Scripts* and found it distinguishable because Connecticut's disclaimer was not "incomplete." *Id.* at *6 (quotation marks omitted).[13]

3M almost completely ignores numerous district court cases the State cites as supporting remand "when a plaintiff has specifically limited its claims to injuries from products other than those allegedly made at the direction of a federal officer." Mot. at 19 & n.15. And 3M claims a Third Circuit decision has "no bearing," Opp. at 16 n.3, even though it explicitly upheld a disclaimer that—as here—"carve[s] out a small island that would needlessly complicate their cases." *City of Hoboken v. Chevron Corp.*, 45 F.4th 699, 713 (3d Cir. 2022).

3M effectively asks this Court to invalidate all disclaimers. The Court should not do so.

### C. The number of sites allegedly contaminated by AFFF is too small to support jurisdiction.

███████████████████████████████████████████████████████ 3M alleges ███████████████████ are "plausibly" contaminated by AFFF. Opp. at 11. 3M thus admits ██████████ ███████████████████████████████████████████████████████ ██████████████████████████████ Federal jurisdiction cannot be based on such a "small . . . slice of the pie." *See Hoboken*, 45 F.4th at 713; Mot. at 24–25.

## CONCLUSION

The Court should remand this case to state court.

September 4, 2025                                     Respectfully submitted,

---

[13] 3M also relies on a case management order from the AFFF MDL, Opp. at 14, about whether individuals can disclaim any PFAS-related personal injuries caused by AFFF. But that order was specifically related to personal injury cases where the plaintiffs "may have lived in many locales over their lifetime," and where discovery showed that the plaintiffs could not "easily isolate" personal injuries caused by AFFF and non-AFFF PFAS. Dkt. 99-6 at 1.

13

STATE OF VERMONT

CHARITY R. CLARK
ATTORNEY GENERAL

*/s/ Laura B. Murphy*
Laura B. Murphy
Assistant Attorney General
109 State Street
Montpelier, VT 05609-1001
(802) 828-3186
laura.murphy@vermont.gov

Matthew F. Pawa
Benjamin A. Krass
Kyle Landis-Marinello
MacKennan Graziano (*pro hac vice* forthcoming)
Pawa Law Group, P.C.
1280 Centre Street, Suite 230
Newton Centre, MA 02459

Kyle J. McGee (*pro hac vice*)
Viola Vetter (*pro hac vice*)
Grant & Eisenhofer P.A.
123 Justison Street
Wilmington, DE 19801
(302) 622-7000