UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| STATE OF VERMONT, | ) |
| | ) |
| Plaintiff, | ) Case Nos. 2:25-cv-660-MKL (lead) and |
| | ) 2:24-cv-19-MKL |
| v. | ) |
| | ) |
| 3M COMPANY, EIDP, INC., THE CHEMOURS COMPANY, THE CHEMOURS COMPANY FC, LLC, CORTEVA, INC., and DUPONT DE NEMOURS, INC., | ) ) ) ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF STATE OF VERMONT'S
MOTION TO AMEND COMPLAINT TO ADD DISCLAIMER**

This case seeks relief for contamination of Vermont's natural resources from toxic per- and polyfluoroalkyl substances (PFAS). 3M Company has removed the case twice, each time alleging the existence of federal officer jurisdiction—once based on the Rutland Landfill (Removal I), and more recently based on alleged cross-contamination by aqueous film forming foam (AFFF) of non-AFFF sites at issue in this case (Removal II). The State has twice moved to remand on the basis that, among other things, there is no federal officer jurisdiction.

Pursuant to Federal Rule of Civil Procedure 15(a)(2), the State now seeks to amend its complaint to disclaim relief with respect to the Rutland Landfill to remove the alleged basis for Removal I. Under a recent Supreme Court case, *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025), when a plaintiff is removed from state court and, after removal, amends the operative complaint to eliminate the alleged basis of jurisdiction, jurisdiction must be measured by the allegations of the amended complaint, not the complaint in effect at the time of removal.

Thus, the State seeks the Court's permission to amend its complaint to add an express disclaimer of any recovery with respect to the Rutland Landfill.[1]

To be clear, the State does not concede that removal jurisdiction was ever proper. But as set forth below and in the State's supplemental brief in support of remand filed this day, the State's proposed amendment provides an additional, simple ground for remand in Removal I.[2]

## BACKGROUND

This case seeks relief for PFAS contamination throughout Vermont, including at landfills, wastewater treatment facilities, farm fields with contaminated biosolids, hazardous waste sites, public water systems, and private drinking water wells. In January 2024, 3M removed the case to this Court because it claimed to have recently discovered that one of these sites, the Rutland Landfill, was contaminated by PFAS that came in part from a 3M facility that made copper-clad laminates (CCLs) in the 1970s (Removal I). According to 3M, these CCLs were made for a federal government contractor, and it removed the case alleging federal officer jurisdiction.

After Removal I, the State moved to remand the case on multiple grounds: (1) 3M's removal was untimely; (2) 3M had not shown that it acted under a federal officer or had a colorable federal defense; and (3) the contamination at the Rutland Landfill was too miniscule to support federal officer removal, given the vastly larger amount of non-Rutland, non-CCL PFAS for which the State seeks relief in this case. This Court granted the State's motion to remand on

---

[1] As the State indicated at the recent court hearing, the State had intended to issue its disclaimer by way of a simple one-page document. As set forth below, while the State could proceed in this less formal way, *Royal Canin* indicates that amendment of the complaint is the more straightforward procedure.

[2] The State intends to seek defendants' agreement for a briefing schedule on this motion and plans to either provide the Court with the parties' agreement or file a motion for expedited briefing.

the basis that 3M's removal was untimely, without reaching the other grounds for remand. *Vermont v. 3M Co.*, No. 2:24-cv-19, 2024 WL 1596887, at *1 (D. Vt. Apr. 12, 2024). The case then proceeded in state court until 3M removed it for a second time on July 18, 2025 (Removal II), this time based on another alleged federal product, AFFF. *See* Dkt. 1. Subsequently, the Second Circuit vacated the remand order in Removal I, holding that 3M's removal was timely. *Vermont v. 3M Co.*, No. 24-1250-cv, 2025 WL 2394534, at *1 (2d Cir. Aug. 19, 2025). Removal I is now back before this Court on the question of "whether 3M has plausibly alleged federal officer jurisdiction" based on contamination at the Rutland Landfill. *Id.* at *4. The parties also recently completed briefing in this Court on the State's motion to remand in Removal II. *See* Dkts. 53, 99, 130.

The State now seeks to amend its complaint by adding a disclaimer of recovery with respect to the Rutland Landfill. The disclaimer would read as follows: "The State disclaims and is not seeking any relief with respect to contamination at or from the Rutland City Landfill and hereby limits all of its claims and any recovery to exclude such contamination." The only other changes would be non-substantive (e.g., changes to the caption, date, and signature block). As required by Local Rule 15(a), attached hereto as Exhibits A and B are redlined and non-redlined versions of the proposed Third Amended Complaint.

## ARGUMENT

Federal courts should "freely" give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). A motion for leave to amend "should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and . . . prejudice to the opposing party." *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 603 (2d Cir. 2005) (internal quotation marks and citation omitted); *Buksh v. Sarchino*, 736 F. Supp. 3d 221, 225 (D. Vt. 2024) (same). With

3

respect to timing, "under the liberal standard of Rule 15(a), leave to amend may be appropriate at any stage of litigation." *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 97 (S.D.N.Y. 2010). As a leading treatise states:

> [P]ermission has been granted under Rule 15(a) at various stages of the litigation. These include: following discovery; after a pretrial conference; at a hearing on a motion to dismiss or for summary judgment; when the case is on the trial calendar and has been set for a hearing by the district court; at the beginning, during, and at the close of trial; after a judgment has been entered; and even on remand following an appeal.

6 Wright & Miller, *Federal Practice & Procedure* § 1488 (3d ed. 2025) (footnotes omitted). This motion is timely.

The proposed amendment, moreover, has important jurisdictional significance. As noted above, in *Royal Canin*, the Court held that when a plaintiff amends the operative complaint after removal, jurisdiction must be measured by the allegations of the amended complaint, not the complaint in effect at the time of removal. 604 U.S. at 30. The plaintiff in *Royal Canin* had alleged state and federal claims and the defendant removed; the plaintiff then dropped the federal claims by way of an amended complaint and moved to remand. The Supreme Court held that the amended complaint deprived the court of removal jurisdiction, and the court thus had no power under the supplemental jurisdiction statute, 28 U.S.C. § 1367, to hear the state law claims: "Once the plaintiff has ditched all claims involving federal questions, the leftover state claims are supplemental to nothing—and § 1367(a) does not authorize a federal court to resolve them." *Id.* at 34. The Supreme Court made clear that, just like in cases filed originally in federal court, the plaintiff can "withdraw the allegations supporting federal jurisdiction" in removal cases, too. *Id.* at 36, 39 (quotation marks and brackets omitted).

*Royal Canin* dealt with removal on the basis of ordinary federal question jurisdiction, but its holding that the amended complaint controls the jurisdictional analysis applies in federal

officer cases as well. *California v. Express Scripts, Inc.*, ___ F.4th ___, No. 24-1972, 2025 WL 2586648, at *4 (9th Cir. Sept. 8, 2025) ("With the disclaimer [in post-removal amended complaint], Defendants cannot satisfy the causal nexus prong of the federal officer removal statute.") (citing *Royal Canin*). In short, under *Royal Canin*, amendment of the complaint is an appropriate way to issue a disclaimer of allegations on which jurisdiction might otherwise be based: "the presence of jurisdiction in removed cases as in original cases, hinges on the amended, now operative pleading." 604 U.S. at 39.[3]

Put into Rule 15 terms, "justice" requires amendment for several reasons. First, a disclaimer reduces 3M's liability by (in effect) eliminating the factual basis that 3M is using to try to justify removal of this case. 3M can hardly complain about an amendment that zeroes out its liability at the Rutland Landfill. Second, justice is served because amendment would (by virtue of *Royal Canin*) simplify the Court's jurisdictional analysis and expedite the Court's determination of whether it has jurisdiction based on the Rutland Landfill. After six years of litigation, this case was close to being trial-ready in a state court that was familiar with the parties, the claims, and the complex record—until 3M used one site in Rutland to justify the removal of a lawsuit that includes many, many sites in the State. *See* Dkt. 53 at 1 (describing trial schedule). There is no justice in requiring the State to delay this long-awaited trial for 3M to demand a federal forum on issues no longer in the case. *See Royal Canin*, 604 U.S. at 39 (courts should consider the action "as it will actually be litigated," to ensure that this "operative" version of the lawsuit actually "merits a federal forum").

---

[3] To be sure, there is authority that a plaintiff may effect a disclaimer through less formal means. *See, e.g.*, *Wilson v. Experian Info. Sols., Inc.*, No. 25-11153-BEM, 2025 WL 1594750, at *2 & n.4 (D. Mass. June 5, 2025) (disclaimer in remand motion was "an effective amendment or clarification" because the court's adoption of it "estop[s] [the plaintiff] from arguing otherwise down the line"; remand required under *Royal Canin*).

Amendment also would not prejudice 3M because, again, the amendment would eliminate (even more effectively than 3M's contested assertion of a federal officer defense) any threat that 3M pays damages based on the Rutland Landfill. Nor would amendment be futile, as *Royal Canin* and other case law demonstrates that jurisdiction is destroyed by post-removal amendments disclaiming the alleged basis of federal jurisdiction. *Royal Canin* also confirms that there is no "bad faith" where a plaintiff eliminates the part of her lawsuit that allegedly enabled federal jurisdiction, because it is the plaintiff's prerogative to "withdraw the allegations supporting federal jurisdiction." *Royal Canin*, 604 U.S. at 35-36 (quotation marks omitted). And far from causing "undue delay," amendment would expedite matters by providing this Court with a straightforward basis to resolve the jurisdictional issues in Removal I and (assuming the Court also rejects Removal II) remand the entire case. Leave to amend the complaint should be granted.

## CONCLUSION

The State respectfully requests that the Court grant leave to amend the complaint.

Dated: September 11, 2025

Respectfully submitted,

STATE OF VERMONT

CHARITY R. CLARK
ATTORNEY GENERAL

*/s/ Laura B. Murphy*
Laura B. Murphy
Assistant Attorney General
109 State Street
Montpelier, VT 05609-1001
(802) 828-3186
laura.murphy@vermont.gov

Matthew F. Pawa
Benjamin A. Krass
Kyle Landis-Marinello

6

MacKennan Graziano (*pro hac vice*)
Pawa Law Group, P.C.
1280 Centre Street, Suite 230
Newton Centre, MA  02459
(617) 641-9550

Kyle J. McGee (*pro hac vice*)
Viola Vetter (*pro hac vice*)
Grant & Eisenhofer P.A.
123 Justison Street
Wilmington, DE 19801
(302) 622-7000