UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| STATE OF VERMONT, ) | |
| ) | |
| Plaintiff, ) | Case Nos. 2:25-cv-660-MKL (lead) and |
| ) | 2:24-cv-19-MKL |
| v. ) | |
| ) | |
| 3M COMPANY, EIDP, INC., THE CHEMOURS ) | |
| COMPANY, THE CHEMOURS COMPANY ) | |
| FC, LLC, CORTEVA, INC., and DUPONT DE ) | |
| NEMOURS, INC., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF STATE OF VERMONT'S SUPPLEMENTAL
MEMORANDUM OF LAW IN SUPPORT OF REMAND**

The State of Vermont has filed a motion to amend its complaint. The State's proposed Third Amended Complaint says that the State "disclaims and is not seeking any relief with respect to contamination at or from the Rutland City Landfill and hereby limits all of its claims and any recovery to exclude such contamination." The elimination of the Rutland Landfill removes the alleged basis of 3M's first removal of this case to federal court in 2024 (Removal I). While 3M has asserted another basis for jurisdiction in its second, more recent removal (Removal II), the State's proposed Rutland disclaimer would simplify the Court's consideration of the remand motion pending in Removal I. Specifically, under a U.S. Supreme Court decision issued earlier this year, when a plaintiff is removed from state court and, after removal, amends the operative complaint to eliminate the alleged basis of federal jurisdiction, federal jurisdiction ceases to exist altogether. Accordingly, when and if this Court rejects Removal II, the Court's acceptance of the amended complaint would require the Court to remand this case to state court. In the alternative, the State's Rutland disclaimer would (when and if Removal II is also rejected)

authorize this Court to decline to exercise supplemental jurisdiction over the remainder of the case. In either scenario, the case should be sent back to state court.[1]

## BACKGROUND

To avoid repetition, the State incorporates by reference the background section of its motion to amend the complaint, filed today. *See* Dkt. No. 144.

## ARGUMENT

**I.     The State's disclaimer eliminates any alleged basis for federal removal jurisdiction.**

Earlier this year, the Supreme Court held, in *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025), that where a plaintiff amends her complaint after removal to eliminate the basis for federal subject matter jurisdiction, the district court no longer has jurisdiction and is required to remand the case. As the Court stated, where the plaintiff "eliminates the federal-law claims that enabled removal," then "the court's power to decide the dispute dissolves." *Royal Canin*, 604 U.S. at 29.

*Royal Canin* effectively overruled the prior rule in the Second Circuit, which was that courts should "generally evaluate a defendant's right to remove a case to federal court at the time the removal notice is filed." *Vera v. Saks & Co.*, 335 F.3d 109, 116 n.2 (2d Cir. 2003). To be sure, even before *Royal Canin*, district courts in this Circuit remanded cases after a post-removal federal abandonment; 28 U.S.C. § 1367(c) authorizes courts to decline to exercise supplemental jurisdiction over state law claims in certain circumstances. *See, e.g., Maguire v. A.C. & S., Inc.*, No. 14-cv-7578 (PAE), 2015 WL 4934445, at *2 & n.2 (S.D.N.Y. Aug. 18, 2015); § II *infra*.

---

[1] The State understands from the Court and from the parties' representations during the September 4 hearing that the State may file this supplemental memorandum without further leave from the Court. The State will seek defendants' agreement for expedited briefing in response to this brief and plans to either provide the Court with the parties' agreement or file a motion for expedited briefing.

*Royal Canin*, however, holds that a post-removal amendment abandoning the federal claim eliminates the district court's removal jurisdiction altogether. *See Royal Canin*, 604 U.S. at 34 ("[T]here is no discretion to decline supplemental jurisdiction here because there is no supplemental jurisdiction at all. Once the plaintiff has ditched all claims involving federal questions, the leftover state claims are supplemental to nothing—and § 1367(a) does not authorize a federal court to resolve them."). *Royal Canin* draws a distinction between two situations: (1) a post-removal *dismissal* of the federal claim or defense, which confers discretion on the district court to decline to exercise supplemental jurisdiction over the remaining claims under section 1367(c)(3), 604 U.S. at 33; and (2) a post-removal *amendment to the complaint* to "*withdraw the allegations* supporting federal jurisdiction" (or here, allegedly supporting federal jurisdiction), which eliminates the district court's removal jurisdiction altogether, *id*. at 36 (quotation marks omitted) (emphasis added). Thus, in the wake of *Royal Canin*, district courts faced with a plaintiff's post-removal amendment disclaiming the basis of alleged federal jurisdiction have remanded for lack of federal removal jurisdiction rather than engage in a supplemental jurisdiction analysis.[2] Here, while the State does not concede that the Rutland Landfill ever created federal jurisdiction (based on the arguments in its pending motion to

---

[2] *See, e.g.*, *Massey v. Borough of Bergenfield*, No. 24-cv-09610 (JKS) (JRA), 2025 WL 1799982, at *3 (D.N.J. June 12, 2025) ("The holding is clear—district courts do not have discretion to exercise supplemental jurisdiction over state claims where an amended complaint eliminates all federal claims that were the basis of removal."), *report and recommendation adopted*, No. 24-cv-9610, 2025 WL 1793664 (D.N.J. June 30, 2025); *Williams v. Georgetown Univ. Alumni & Student Fed. Credit Union*, No. 1:24-cv-02672 (TNM), 2025 WL 1639711, at *3 (D.D.C. June 10, 2025); *In re Dividend Solar Fin., LLC*, No. 24-cv-1181 (KMM/DTS), 2025 WL 212010, at *2 (D. Minn. Jan. 16, 2025) ("The State's Amended Complaint eliminates all federal-question claims from this litigation. Consequently, the Court cannot exercise supplemental jurisdiction over the remaining state law claims in the Amended Complaint, and this case 'must therefore return to state court.'") (quoting *Royal Canin*, 604 U.S at 26).

3

remand in Removal I), under *Royal Canin* the State's amended complaint means that the Rutland Landfill can no longer serve as a basis for jurisdiction in any event.

*Royal Canin* dealt with removal on the basis of ordinary federal question jurisdiction, but its holding that the amended complaint controls the jurisdictional analysis applies in federal officer cases as well. *California v. Express Scripts, Inc.*, No. 24-1972, 2025 WL 2586648, at *4 (9th Cir. Sept. 8, 2025) ("With the disclaimer [in plaintiff's post-removal amended complaint], Defendants cannot satisfy the causal nexus prong of the federal officer removal statute.") (citing *Royal Canin*).[3]  *Royal Canin* speaks in general terms about removal jurisdiction:

> [I]n a removed no less than in an original case, the rule that jurisdiction follows the operative pleading serves a critical function. It . . . ensures that the case, as it will actually be litigated, merits a federal forum. . . . [T]he presence of jurisdiction in removed as in original cases, hinges on the amended, now operative pleading. By adding or subtracting claims or parties and thus reframing the suit, that pleading can alter a federal court's authority.

604 U.S. at 39. Thus, under *Royal Canin*, just like in cases filed originally in federal court, the plaintiff in a removal case can "withdraw the allegations supporting federal jurisdiction." *Id*. at 36. (quotation marks omitted). That is what the State has done here.[4]

---

[3] The State acknowledges three district court decisions in the Fifth Circuit stating that *Royal Canin* does not apply to federal officer removal. But, unlike the issue here of a post-removal disclaimer, those cases addressed an argument by plaintiffs incorrectly contending that granting them summary judgment on the merits of the federal officer defense would eliminate federal subject matter jurisdiction. *See Steib v. Huntington Ingalls, Inc.*, No. 24-cv-2486, 2025 WL 2532696, at *2 (E.D. La. Sept. 3, 2025) ("Plaintiff argues remand is warranted because Avondale is not entitled to the [sovereign immunity and federal officer] defenses."); *LeBoeuf v. Huntington Ingalls, Inc.,* No. 24-cv-1695, 2025 WL 1403139, at *3 (E.D. La. May 15, 2025) ("Plaintiff . . . contends that even if Avondale satisfied the requirements of 28 U.S.C. § 1442(a) at the time of removal, the Court should not continue to exercise jurisdiction over plaintiff's exclusively state-law claims after it rejected the merits of Avondale's federal defense."); *LeBlanc v. Huntington Ingalls Inc.*, No. 25-cv-615, 2025 WL 1481961, at *3 (E.D. La. May 23, 2025) ("The likelihood of success of Avondale's defenses under a summary-judgment standard is immaterial at this stage of the case.").

[4] The briefing on Removal II concluded before *California* was issued; the State notes that *California* supports remand in Removal II. *See, e.g.*, *California*, 2025 WL 2586648, at *14

The court should remand for lack of removal jurisdiction.

II.     **The Court should hold that it would decline to exercise supplemental jurisdiction in the alternative.**

Other courts remanding under *Royal Canin* have stated in the alternative that they would also decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367. *See, e.g.*, *Botten v. California*, No. 23-cv-257-KK-SHKX, 2025 WL 1951871, at *2 n.1 (C.D. Cal. July 15, 2025) ("Moreover, even if this Court retained jurisdiction, the Court would decline to exercise supplemental jurisdiction over a matter that now has only state claims."). This Court should do the same, in an abundance of caution.

District courts faced with a plaintiff's post-removal disclaimer of the alleged basis of federal jurisdiction have exercised their discretion to decline supplemental jurisdiction over the rest of the case. For example, in *Maguire*, after the case was removed on federal officer grounds, the plaintiff disclaimed all relief related to the defendants' work for the federal government. The court concluded it had proper removal jurisdiction based on the operative complaint at the time of removal but noted that "[c]ourts consistently have held that such an explicit abandonment sufficiently excises the claims that led to removal on the grounds of a federal-contractor defense as to justify remand." *Maguire*, 2015 WL 4934445, at *2. The court thus exercised its discretion to decline supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) (providing that district court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction"). *Id.* at *4–5.[5] Other decisions reach

---

(rejecting federal officer jurisdiction on the merits and finding *Maryland v. 3M Company*, 130 F.4th 380 (4th Cir. 2025), to be "not persuasive").

[5] To effectuate a proper dismissal under § 1367(c), there appears to be no need for a formal order of dismissal. *See Chapman v. Crane Co.*, 694 F. App'x 825, 827–28 (2d Cir. 2017) (summary order) ("Crane argues that the claims giving rise to original jurisdiction must be formally dismissed for a properly removed case to be remanded to state court. The [supplemental

the same result. *See, e.g.*, *Smith v. Anchor Packing Co.,* No. 08 Civ. 7219(GEL), 2008 WL 4899258, at *1–3 (S.D.N.Y. Nov. 12, 2008); *Dougherty v. A.O. Smith Corp.,* No. 13-cv-1972-SLR-SRF, 2014 WL 4447293, at *1–2 (D. Del. Sept. 8, 2014).

It is also appropriate to decline to exercise supplemental jurisdiction when state claims "substantially predominate[] over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2). For example, in *Oneida Indian Nation v. Madison Cnty.*, the Second Circuit rejected the idea that "one narrow surviving federal claim" could justify asserting supplemental jurisdiction over the remainder of the case, because it was "clear that the state-law claims now 'substantially predominate' in this litigation" under 1367(c)(2). 665 F.3d 408, 439 (2d Cir. 2011) (brackets omitted).[6] The same is true here. Even before the State disclaimed relief at the Rutland Landfill, the Landfill was a similarly "narrow" part of the case; all the other claims for contamination throughout Vermont "substantially predominate[d]" over the State's claim to recover alleged CCL contamination at the Rutland Landfill, sufficient to make it appropriate for this Court to decline to exercise supplemental jurisdiction under section 1367(c)(2). *See* Dkt. 139 at 14–15 (describing "infinitesimal" scale of alleged CCL contamination at Landfill in comparison to rest of case).

---

jurisdiction] case law is to the contrary."). To the extent the Court may disagree, the Court should enter an order that dismisses with prejudice the State's claims with respect to the landfill. *See Wakefield v. N. Telecom, Inc.*, 769 F.2d 109, 114–115 (2d Cir. 1985) (noting that "[w]hether we view the question as arising under Fed. R. Civ. P. 15 or 41(a)(2), the trial court has considerable discretion in deciding whether to allow a withdrawal of a claim without prejudice," but dismissing with prejudice under circumstances presented) (footnote omitted). Again, the State does not concede that there is subject matter jurisdiction; this argument is made in the alternative.

[6] *See also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 727 (1966) ("Once it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage, the state claim may fairly be dismissed."); *Garro v. Connecticut*, 23 F.3d 734, 737 (2d Cir. 1994) (district judge "would have been well within his discretion in declining to exercise pendent jurisdiction over the state law claim after dismissing all but an insubstantial federal claim").

6

The Court's decision whether to exercise supplemental jurisdiction is "within the sound discretion of the district court." *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 117–18 (2d Cir. 2013). Courts consider the "values of judicial economy, convenience, fairness, and comity." *Id.* (internal quotation marks omitted). The clear presumption is in favor of declining supplemental jurisdiction. Once all federal claims have been eliminated, the district court "may (and indeed, ordinarily should) kick the case to state court," *Royal Canin*, 604 U.S. at 32, because "the balance of factors will usually point toward a declination" of supplemental jurisdiction, *Lundy*, 711 F.3d at 117 (internal brackets and quotation marks omitted); *see also Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 123 (2d Cir. 2006) (district court should have declined to exercise supplemental jurisdiction where there was "no extraordinary inconvenience or inequity occasioned" by remand).

Each of the relevant factors supports remand here. Convenience and judicial economy weigh heavily in favor of remand. The parties have spent years preparing this case for trial in state court, and the Vermont Superior Court has been supervising this case for more than six years and is familiar with the issues. In fact, the state court designated the action as a complex action under Vermont's Rules of Civil Procedure and issued special judicial assignments. *See* Entries Regarding Motion, *Vermont v. 3M Co.*, No. 547-6-19 Cncv (Vt. Super. Ct. Aug. 8, 2020) (Dkt. 74-32); Entry Regarding Motion, *Vermont v. 3M Co.,* No. 547-6-19 Cncv (Vt. Super. Ct. Oct. 11, 2024) (Dkt. 79-38). By contrast, the case has been pending in federal court for only brief stretches occasioned by 3M's removals, and at no point has the Court had occasion to evaluate the merits of any of the State's claims. *See Knight v. Standard Chartered Bank*, 531 F. Supp. 3d 755, 774 (S.D.N.Y. 2021) (declining supplemental jurisdiction because the federal court had "not acquired familiarity with the facts and evidence and parties in the case").

Notably, cases that have been in federal court for far longer before the federal claim was dismissed nonetheless have been sent back to state court.[7]

Fairness also supports remand: contamination at a single landfill that is no longer in the case should not dictate the forum in a trial dealing with large numbers of sites all across Vermont. Other than eliminating the delay that 3M apparently seeks, there is no prejudice to 3M from remanding the case. Finally, comity points overwhelmingly toward remand: the State is pursuing only state law causes of action. *Wilson v. Dantas*, No. 12-cv-3238 (GBD), 2013 WL 92999, at *9 (S.D.N.Y. Jan. 7, 2013) ("Comity and respect for New York state courts dictate that where possible, state courts should decide matters of state law, and that absent exceptional circumstances, this Court should decline to exercise supplemental jurisdiction over such claims."), *aff'd,* 746 F.3d 530 (2d Cir. 2014) (citation omitted)). And, as the Supreme Court has held, "considerations of comity make us reluctant to snatch cases which a State has brought from the courts of that State, unless some clear rule demands it." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 21 n.22 (1983); *see also Vermont v. McGrx, Inc.*, No. 5:10-cv-95, 2010 WL 3767794, at *5 (D. Vt. Sept. 16, 2010) (same). That is the situation here, where Vermont brought suit in state court to address widespread contamination of its natural resources at sites throughout the State.

## CONCLUSION

The Court should grant the State's pending motions to remand.

---

[7] *See, e.g., Tops Markets, Inc. v. Quality Markets, Inc.*, 142 F.3d 90, 94-95, 102–03 (2d Cir. 1998) (district court properly declined supplemental jurisdiction after dismissing federal law claims more than three years after complaint was filed); *Kidder, Peabody & Co. v. Maxus Energy Corp.*, 925 F.2d 556, 564 (2d Cir. 1991) (balance of factors can weigh in favor of remand even though "the court ha[d] invested considerable time in their resolution").

| | |
|---|---|
| September 11, 2025 | Respectfully submitted,<br><br>STATE OF VERMONT<br><br>CHARITY R. CLARK<br>ATTORNEY GENERAL<br><br>/s/ Laura B. Murphy<br>Laura B. Murphy<br>Assistant Attorney General<br>109 State Street<br>Montpelier, VT 05609-1001<br>(802) 828-3186<br>laura.murphy@vermont.gov<br><br>Matthew F. Pawa<br>Benjamin A. Krass<br>Kyle Landis-Marinello<br>MacKennan Graziano (*pro hac vice*)<br>Pawa Law Group, P.C.<br>1280 Centre Street, Suite 230<br>Newton Centre, MA  02459<br>(617) 641-9550<br><br>Kyle J. McGee (*pro hac vice*)<br>Viola Vetter (*pro hac vice*)<br>Grant & Eisenhofer P.A.<br>123 Justison Street<br>Wilmington, DE 19801<br>(302) 622-7000 |