UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| STATE OF VERMONT, ) | |
| ) | |
| Plaintiff, ) | Case Nos. 2:25-cv-660-MKL (lead) and |
| ) | 2:24-cv-19-MKL |
| v. ) | |
| ) | |
| 3M COMPANY, EIDP, INC., THE CHEMOURS ) | |
| COMPANY, THE CHEMOURS COMPANY ) | |
| FC, LLC, CORTEVA, INC., and DUPONT DE ) | |
| NEMOURS, INC., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF STATE OF VERMONT'S MOTION FOR EXPEDITED BRIEFING ON MOTION TO AMEND COMPLAINT AND SUPPLEMENTAL REMAND BRIEFING**

Plaintiff the State of Vermont respectfully requests expedited briefing on its Motion to Amend the Complaint to Add Disclaimer and its Supplemental Memorandum of Law in Support of Remand, both filed on September 11, 2025.

As the Court knows, this case had been pending for six years in Chittenden County Superior Court and was nearing a November trial-ready date when 3M Company removed it for a second time. 3M first removed the case based on the Rutland Landfill (Removal I), and more recently based on alleged cross-contamination by aqueous film forming foam (Removal II). The State has twice moved to remand on the basis that, among other things, there is no federal officer jurisdiction. The parties recently completed briefing in this Court on the State's motion to remand in Removal II. *See* Dkts. 53, 99, 130.

Now, after an appeal at the Second Circuit, Removal I is back before this Court on the question of "whether 3M has plausibly alleged federal officer jurisdiction" based on contamination at the Rutland Landfill. *Vermont v. 3M Co.*, No. 24-1250-cv, 2025 WL 2394534,

at *4 (2d Cir. Aug. 19, 2025).  That issue was briefed by the parties in the original proceedings on Removal I.  In addition, on September 11, the State filed (i) a motion to amend its complaint to disclaim relief with respect to the Rutland Landfill and (ii) a supplemental memorandum of law regarding the jurisdictional implications of this disclaimer—which should simplify the Court's consideration of Removal I.

The State conferred with defendants regarding a briefing schedule for the motion to amend and the supplemental briefing in Removal I, but the parties were unable to agree.  Therefore, the State respectfully requests that the Court issue an order requiring defendants to file responses to the State's filings within 11 days of those filings, i.e., by September 22, 2025.  The State further requests that these responses include any supplemental arguments defendants wish to include regarding the issue before the Court in Removal I.  The State would then have 11 days (until October 3) to file a joint reply in support of its motion to amend and its supplemental memorandum of law.[1]

### STANDARD OF REVIEW

A motion seeking expedited briefing is subject to the sound discretion of the court.  A "district court has broad discretion to manage its docket."  *Shahi v. Standard Fire Ins. Co.*, No. 5:10-cv-15, 2012 WL 13085373, at *3 (D. Vt. Aug. 9, 2012) (internal quotation marks omitted), *aff'd*, 523 F. App'x 38 (2d Cir. 2013).  There is "power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and

---

[1] It is the State's understanding that defendants may wish to provide a consolidated 25-page response to the State's motion to amend and supplemental memorandum of law, to which the State does not object.  In that event, the State would be willing to accept a 15-page limit for its consolidated reply.  The State also recognizes that Rosh Hashanah begins at sundown on September 22, and notes that the September 22 deadline allows time to meet the deadline before observance begins.  The State similarly seeks to avoid a conflict with its reply and Yom Kippur, which runs from the evening of October 1 to the evening of October 2.

for litigants." *Aguiar v. Carter*, No. 2:17-cv-121, 2020 WL 728585, at *5 (D. Vt. Feb. 13, 2020) (internal quotation marks omitted). The Local Rules provide for 14 days to oppose a non-dispositive motion, and 14 days for a reply. *See* L.R. 7(a)(3)(A), (5)(A).

## ARGUMENT

The State respectfully requests that the Court order expedited briefing. As the Court knows, it previously ordered that "consideration of the Motion to Remand [in Removal II] should occur on an expedited basis." Dkt. 61. The State's previous Motion to Expedite Briefing and Consideration of the Motion to Remand (incorporated by reference here) explained in detail why there should not be further delays in bringing this matter to trial. Dkt. 54. Additionally, because the next deadline in this case (summary judgment/pre-trial motions) directly depends upon the date of decision on the State's motions to remand, the sooner briefing is complete, the sooner a decision can be made, the sooner the case can get back on schedule.

Thus, to mitigate delay from the removals and the associated prejudice to the State, the State continues to seek the completion of briefing as promptly as possible. *See, e.g.*, *McGilberry v. Am. Optical Corp.*, No. 2:10CV159KS, 2010 WL 11681785, at *1 (S.D. Miss. July 20, 2010) ("[t]he court ordered expedited briefing [related to a motion to remand] in view of the upcoming state court trial date"); Dkt. 54-2 (Minute Order, *Maine v. 3M Co.*, No. 2:23-cv-00210-JAW (D. Maine May 30, 2023)) (granting expedited briefing and requiring 3M to respond within nine days). *Maine* was removed at the outset of that case, but this case, with its impending trial, presents an even stronger basis to expedite briefing.

There is no prejudice to 3M in expediting the briefing schedule as the State proposes. The issues presented in the motion to amend and the supplemental memorandum of law are limited. Because the supplemental memorandum is not a new dispositive motion, it does not

require a 30-day response timeline under Local Rule 7(a)(3)(A).  Further, 3M has dozens of lawyers working for it in this case, including major national firms.[2]  3M should be able to file its response within 11 days.  While 3M may argue that the State should have made its September 11 filings sooner—and, indeed, the State had planned to do so, *see* Dkt. 142—the State reasonably ended up needing additional time to, among other things, address a directly relevant Ninth Circuit case that was issued last week.  *See California v. Express Scripts, Inc.*, No. 24-1972, 2025 WL 2586648, at *4 (9th Cir. Sept. 8, 2025) (applying *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025), to federal officer removal).  Moreover, the State drafted its motion to amend and supplemental memorandum of law within fourteen days of the Second Circuit's mandate in Removal I, and only seven days after filing its reply brief in Removal II.  The State believes its proposed schedule is reasonable and appropriate.

## CONCLUSION

The State respectfully requests expedited briefing and consideration of its Motion to Amend the Complaint to Add Disclaimer, and its Supplemental Memorandum of Law in Support of Remand, as follows:

- Defendants' responses to the State's September 11 (i) Motion to Amend the Complaint to Add Disclaimer and (ii) Supplemental Memorandum of Law in Support of Remand, along with any supplemental arguments regarding the issue before the Court in Removal I, are due by September 22.  Defendants are limited to 25 pages total (not including any joinders of no more than two pages each), and may choose to file separate or a consolidated response(s).

- The State may file a consolidated reply in support of its motion to amend and its supplemental memorandum of law by October 3, not to exceed 15 pages.

---

[2] Those firms include Jenner & Block LLP; Bowman and Brooke LLP; King & Spalding LLP; Dinse, P.C.; Hughes Hubbard & Reed LLP; Gibson, Dunn & Crutcher, LLP; and Wilkinson Stekloff LLP.  Although only 15 of 3M's attorneys have entered an appearance in this removal proceeding, many more have entered an appearance in the underlying state court proceeding.

Dated: September 16, 2025

Respectfully submitted,

STATE OF VERMONT

CHARITY R. CLARK
ATTORNEY GENERAL

*/s/ Laura B. Murphy*
Laura B. Murphy
Assistant Attorney General
109 State Street
Montpelier, VT 05609-1001
(802) 828-3186
laura.murphy@vermont.gov

Matthew F. Pawa
Benjamin A. Krass
Kyle Landis-Marinello
MacKennan Graziano (*pro hac vice*)
Pawa Law Group, P.C.
1280 Centre Street, Suite 230
Newton Centre, MA 02459
(617) 641-9550

Kyle J. McGee (*pro hac vice*)
Viola Vetter (*pro hac vice*)
Grant & Eisenhofer P.A.
123 Justison Street
Wilmington, DE 19801
(302) 622-7000