IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| STATE OF VERMONT,<br><br>              Plaintiff,<br><br>   v.<br><br>3M COMPANY; E. I. DU PONT DE NEMOURS AND COMPANY; THE CHEMOURS COMPANY; THE CHEMOURS COMPANY FC, LLC; CORTEVA, INC.; AND DUPONT DE NEMOURS, INC.,<br><br>              Defendants. | Case No. 2:25-cv-00660<br><br>JURY TRIAL DEMANDED |

## DEFENDANT 3M COMPANY'S OPPOSITION
## TO PLAINTIFF'S MOTION TO EXPEDITE BRIEFING

This Court should deny Plaintiff State of Vermont's motion (Dkt. 146) to expedite 3M's responses to both the State's motion to amend and disclaimer (Dkt. 144) and its supplemental brief (Dkt. 145). The State asks the Court to give 3M only 11 days to respond to both filings implicating important jurisdictional issues. But it cannot credibly claim such urgency. It has had 20 months since 3M's first removal; 23 days since the Second Circuit's vacatur of the remand order; and a week more than it told this Court it needed to file its disclaimer. The Court should deny the State's unjustified proposal for acceleration and instead set an orderly and fair schedule—specifically:

- 3M should have 22 days (October 3) to file a combined 25-page response to both filings.

- The State should have its requested 11 days (October 14) to file a combined 15-page reply.

- The Court should set oral argument on the State's motions to remand and to amend.

1

1.      The State's stated justification for expedition is belied by its own delay:  3M filed its notice of removal based on the Rutland landfill *more than 20 months ago. See Vermont v. 3M Co.*, No. 2:24-cv-19, Dkt. 1 (Jan. 3, 2024).  The State could have tried to amend its complaint to disclaim "contamination at or from the Rutland City Landfill" then.  Dkt. 144-1, ¶ 13.  Instead, it chose to contest the Rutland removal.  It waited 23 days after the Second Circuit vacated the remand order to file its disclaimer and supplemental brief.  *Vermont v. 3M Co.*, 2025 WL 2394534, at *3–4 (2d Cir. Aug. 19, 2025).  And despite telling the Court a week ago that it would "disclaim relief from the Rutland landfill" within 24 hours, Dkt. 134 at 5–6, the State "delay[ed]" another week because "the process ha[d] taken longer than expected."  Dkt. 142.*

Yet the State now insists that its motion to amend its complaint to add a disclaimer and its supplemental brief are urgent and that 3M and this Court should be rushed in responding to and considering, respectively, the propriety and effect of that purported disclaimer.  There is no good cause for the State to hasten 3M in addressing a critical issue of federal jurisdiction.  This Court should reject the State's lopsided proposal and instead impose an orderly and fair schedule.

3M's evenhanded proposal above fits that bill.  It affords 3M 8 days *fewer* than 3M would otherwise have to respond to the State's supplemental brief.  That brief is in substance a new motion to remand:  It asserts a new theory for remanding it never raised before, based on the State's own equally new attempt to belatedly amend its claims in real time.  3M would therefore have 30 days to oppose.  *See* L.R. 7(a)(3)(A) (providing 30 days for dispositive briefing); *Williams v. Beemiller, Inc.*, 527 F.3d 259, 265–66 (2d Cir. 2008) (motion to remand is a "dispositive motion"); *accord* Dkt. 54 at 4 (State previously agreeing that Local Rule 7(a)(3)(A)'s 30-day deadline applies

---

* The State now asserts (Dkt. 146 at 4) that it failed to file its Rutland disclaimer on September 4 or 5, as it had proposed (Dkt. 134 at 5-6), because it needed to address an intervening Ninth Circuit decision.  But that Ninth Circuit decision came down days *after* the date the State had said it would file. *California v. Express Scripts, Inc.*, 2025 WL 2586648, *1  (9th Cir. Sept. 8, 2025).

to remand briefing). The State cursorily denies (at 3-4) that its brief amounts to a new motion to remand. But it offers no explanation, and it does not explain what else that brief could be. And because, as the State recognizes (at 4), the issues raised by both of its filings are best addressed together, 3M should be allowed to respond to the State's motion to amend in the same brief.

2. The State's compressed proposal is especially inappropriate because its motion to amend and supplemental brief implicate critical threshold issues, meriting more than 11 days for 3M to brief both simultaneously. The State has engaged in a years-long effort to deprive 3M of its right to a federal forum that Congress conferred in the federal-officer removal statute. And now faced with the prospect of a decision on the merits after losing before the Second Circuit, the State belatedly casts one last die in the hopes of stripping this Court of jurisdiction: It moves "to amend its complaint to disclaim relief with respect to the Rutland Landfill," Dkt. 144 at 1, and then re-briefs its motion to remand as if the motion to amend has been granted, *see* Dkt. 145.

3M would plainly be prejudiced in having to respond to both of the State's eleventh-hour filings in just 11 days ending on the holiday of Rosh Hashanah. By moving to amend only now, in an attempt to excise "contamination at or from the Rutland City Landfill" from this case, the State all but concedes that this case belonged in federal court from the start. Dkt. 144-1, ¶ 13. And the State's new strategy injects multiple legal issues about the propriety of that late-breaking amendment to manipulate jurisdiction, the sufficiency of the purported disclaimer, and the ability of this Court to exercise supplemental jurisdiction regardless. 3M needs time to review, consider, and respond to these consequential issues—not rushed in a fraction of the time the rules provide.

3. The State's argument (at 3) that it will be prejudiced absent its proposed acceleration strains credulity. Were that true, the State would have filed its motion to amend and supplemental brief as soon as the Second Circuit agreed to expedite the mandate (at the State's

request)—not waited two weeks. It would have accepted the earliest date this Court offered for a videoconference hearing on the pre-trial schedule—not the last one. The State also would have filed its motion to amend and supplemental jurisdictional briefing within the time it told the Court and Defendants it would—not a week later. And the State would not be asking for the same length of time to file its replies as it proposes to give 3M to file its responses.

No prejudice to the State will occur by allowing 3M and the Court the brief period provided by the rules—let alone the timelines 3M proposes. This Court has already directed the parties to continue expert discovery and has set a schedule for briefing summary judgment and expert motions should this case remain in federal court, Dkt. 135. The Court observed that the Second Circuit's decision vacating the prior remand order was a "significant development" that "lessens the urgency of an expedited ruling." Dkt. 93.

Nor will a remand order provide the State the speedy commencement of trial in state court it claims to seek. Federal Rule 62(a) automatically stays judgment on any remand order for 30 days; the Court could not send the case back to state court in that period. *See Town of Pine Hill v. 3M Co.*, 2025 WL 994187, at *1 (S.D. Ala. Apr. 2, 2025) ("Inasmuch as this case was removed pursuant to 28 U.S.C. § 1442, defendants are entitled to a 30-day automatic stay [under Rule 62(a)] on the execution of the remand order from the date of its issuance." (internal quotation marks omitted)). And Congress further afforded 3M the right to appeal any order of remand, 28 U.S.C. § 1447(d), which the Supreme Court has made clear *automatically* stays the case for the duration of the appeal, *see Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740–41 (2023); *see also City of Martinsville v. Express Scripts, Inc.*, 128 F.4th 265, 267–68 (4th Cir. 2025) (holding that, under *Coinbase*, an automatic stay applies to further proceedings pending appeal of a remand order under 28 U.S.C. 1447(d)).

At minimum, 3M seeks an opportunity to brief the issue to this Court (and, if needed, on appeal) before the Court mails any order of remand. The First Circuit has admonished courts in this circumstance to afford at least that basic opportunity to avoid needless confusion. *See Forty Six Hundred LLC v. Cadence Educ., LLC*, 15 F.4th 70, 81 (1st Cir. 2021) ("If a motion to remand is granted by the district court in a removed case and the remand order is appealable, the district court . . . would be well-advised, for example, to hold the matter in abeyance for a brief period or to direct the clerk of court to delay transmittal of the certified remand order" to allow for appeal of the order and "prevent a removed case from becoming a shuttlecock, batted back and forth between a state court and a federal court"); Dkt. 91 at 2 (State agreeing that "the case would not return to state court until the clerk sends a certified copy of the remand order to the state court" at this Court's direction). The State cannot plausibly claim prejudice by a schedule that affords 3M time to brief these important issues related to the propriety and effect of the State's recent filings.

4.      3M's proposal of 22 days to October 3 also respects counsel on both sides who observe Rosh Hashanah (which begins on the State's proposal for 3M's deadline) and Yom Kippur (which ends before 3M's proposal for its deadline). Dkt. 146 at 2 n.1 (indicating counsel for the State would like to avoid conflicting with Yom Kippur, which ends "the evening of October 2").

*****

The State has had 20 months to strategize for this moment and 23 days since the Second Circuit's decision to prepare its briefs. 3M should have at least 22 days to respond.

## CONCLUSION

3M requests that this Court deny the State's motion to expedite briefing and grant 3M until October 3, 2025, to respond to both the State's motion to amend and to its supplemental briefing on its motion to remand.

Dated: September 16, 2025 	Respectfully submitted,

<div style="margin-left:40%">

/s/ Ritchie E. Berger

Ritchie E. Berger
Kendall Hoechst
Anne Rosenblum
DINSE P.C.
209 Battery Street
P.O. Box 988
Burlington, VT 05401
Tel: (802) 864-7571
RBerger@dinse.com

*Counsel for Defendant 3M Company*

</div>