IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| STATE OF VERMONT,<br><br>                Plaintiff,<br><br>   v.<br><br>3M COMPANY; E. I. DU PONT DE NEMOURS AND COMPANY; THE CHEMOURS COMPANY; THE CHEMOURS COMPANY FC, LLC; CORTEVA, INC.; AND DUPONT DE NEMOURS, INC.,<br><br>                Defendants. | Case No. 2:25-cv-00660<br><br>HEARING SCHEDULED<br>DECEMBER 3, 2025 |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant 3M Company submits this notice of supplemental authority to advise the Court of a November 19, 2025, decision of the U.S. Court of Appeals for the First Circuit in *Maine v. 3M Company, Inc.*, No. 23-1709, -- F.4th --, 2025 WL 3228256 (1st Cir.) (attached). That decision is directly on point and supports denying the State's motions to remand in this case.

Like Vermont, Maine filed two suits against 3M for alleged PFAS contamination of natural resources: one targeting AFFF sources, and another targeting non-AFFF sources. Op. at 2. And, like Vermont, Maine acceded to removal of its AFFF suit on federal-officer grounds but moved to remand its non-AFFF suit based on that suit's disclaimer of "'any relief for contamination or injury related to [AFFF].'" Op. at 3. The district court granted remand. Op. at 4.

The First Circuit reversed, holding that Maine's "efforts to have two courts answer the same questions must fail." Op. at 4. Instead, "3M is entitled, under the [federal-officer] removal statute, to have a federal court decide the issues" relevant to its federal defense, including "whether

1

[non-AFFF] PFAS contamination has commingled with AFFF contamination." Op. at 4–5. Because "[r]esolution of Maine's Complaint requires addressing whether and to what extent . . . contamination from AFFF sources has commingled with non-AFFF" contamination, 3M met both the nexus requirement and the colorable-federal-defense requirement, and was entitled to remove Maine's non-AFFF suit. Op. at 21–24 & n.22.

The First Circuit rejected the arguments pressed by Maine, represented by the same counsel appearing in this case for Vermont. In particular, the First Circuit held that Maine's reliance on its disclaimer would "leave 'a state court to determine the nexus between the charged conduct and federal authority,'" making it circular and therefore ineffective. Op. at 23 (quoting *Gov't of Puerto Rico v. Express Scripts, Inc.*, 119 F.4th 174, 188 (1st Cir. 2024)). The First Circuit also agreed with 3M's reading of all the other relevant precedents, including *Maryland v. 3M Co.*, 130 F.4th 380 (4th Cir. 2025); *Illinois ex rel. Raoul v. 3M Co.*, 111 F.4th 846 (7th Cir. 2024); and *California by & through Harrison v. Express Scripts, Inc.*, 154 F.4th 1069 (9th Cir. 2025). Op. at 24–25 n.24.

The First Circuit accordingly reversed the remand order and instructed that Maine's suit be promptly returned to the district court, fully resolving the removal issue without remanding for any further consideration of that issue by the district court. Op. at 25–26.

This Court should follow the First Circuit (and the Fourth Circuit) and deny the State's motions to remand here. As 3M did in *Maine*, it has plausibly alleged here that PFAS from both MilSpec sources (AFFF and CCLs) and non-MilSpec sources have commingled at the sites at issue in this case. The State does not agree, but "whether and to what extent" commingling has occurred are questions to be resolved in *federal* court, even if the State argues that "the PFAS contamination at a site is zero percent." Op. at 21–22 & n.22. Vermont's reliance on purported disclaimers also fails for the same reasons it failed in *Maine*—Vermont's disclaimers are "ambiguous" *and* do not

eliminate the causation and allocation questions that go to the merits of 3M's federal government-contractor defense. Op. at 23 & n.23. This case belongs in federal court.\*

Dated: November 24, 2025

Respectfully submitted,

*/s/ Lauren R. Goldman*

Lauren R. Goldman (*pro hac vice*)
Justine Goeke (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
(212) 351-2375
lgoldman@gibsondunn.com

*/s/ Ritchie E. Berger*

Ritchie E. Berger
Kendall Hoechst
Anne Rosenblum
DINSE P.C.
209 Battery Street. P.O. Box 988
Burlington, VT 05401
Tel: (802) 864-5751
RBerger@dinse.com

*Counsel for Defendant 3M Company*

---

\* 3M also notes that the Second Circuit heard argument on November 20, 2025, in *Connecticut v. 3M Co.*, No. 25-11, which presents questions regarding the propriety of federal jurisdiction where, as here, a state files two suits for alleged PFAS contamination, with one purporting to disclaim relief for PFAS stemming from AFFF.