IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| STATE OF VERMONT,<br><br>              Plaintiff,<br><br>    v.<br><br>3M COMPANY; E. I. DU PONT DE NEMOURS AND COMPANY; THE CHEMOURS COMPANY; THE CHEMOURS COMPANY FC, LLC; CORTEVA, INC.; AND DUPONT DE NEMOURS, INC.,<br><br>              Defendants. | Case No. 2:25-cv-00660 |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant 3M Company submits this notice of supplemental authority to advise the Court of *Ohio ex rel. Yost v. Ascent Health Services, LLC*, No. 24-303, -- F.4th --, 2026 WL 206176 (6th Cir. Jan. 27, 2026) (attached). *Ohio* supports denying the State's motions to remand in this case.

In that case, the State of Ohio sued several pharmacy benefit managers (PBMs) in state court, alleging that the PBMs colluded to fix prescription prices in violation of state law. Op. 1. The PBMs removed the case to federal court under the federal-officer removal statute, 28 U.S.C. § 1442(a)(1), alleging that they negotiated the prices of prescription drugs in a "single negotiation on behalf" of insurers, unions, and employers—including the federal government. Op. 2-3. Ohio disclaimed any challenge to "'the operation or administration of federal health benefits programs'" and moved to remand. Op. 3. The district court remanded, but the Sixth Circuit reversed, holding that the PBMs satisfied all of the requirements of the removal statute. Op. 4-16.

As particularly relevant here, the Sixth Circuit held that the PBMs "act[ed] under" federal officers when they negotiated with drug manufacturers on behalf of the federal government, Op. 4-

11, and it rejected Ohio's reliance on its disclaimer of liability for the PBMs' administration of federal benefits, Op. 9-10.  The court credited "defendants' theory of the case" as "center[ing] on the indivisibility of their work for private and federal clients," and reasoned that courts "reject disclaimers that simply disavow any attempt to recover based on the defendant's indivisible federal conduct." Op. 9-10.  As the Sixth Circuit explained, that approach "respects the statute's text and text-driven purpose.  When the applicability of the disclaimer turns on whether the defendant's actions are in fact related to conduct undertaken under color of federal office, a remand would mean denying the defendant a chance to present his federal defenses in federal court" and instead "allow[ing] a state court to decide whether the federal government directed the conduct at issue." Op. 10.

*Ohio* also held that the PBMs' charged conduct was "'for or relating to' an 'act under color of [federal] office,'" observing that Congress "expanded [the] scope" of § 1442 in 2011 "by add[ing] the words 'or relating to,'" which sweeps broadly to "require[ ] only an association, connection, or tie between the challenged conduct and the defendant's acts under color of federal office." Op. 11, 13.  That test was easily met there, *Ohio* held, because, "it follows that, when Ohio challenges the PBMs' effect on drug prices, it unavoidably also challenges the negotiations with manufacturers and necessarily reaches federally controlled conduct." Op. 9, 12.  "The conduct that Ohio wishes to regulate thus has a straightforward 'connection or association' with" the PBMs' federal work. Op. 12.

*Ohio* supports denying the State's motions to remand here.  The court must credit 3M's plausible allegations that the charged conduct is "indivisible" (Op. 9) from 3M's federal work, just as the Sixth Circuit credited the PBMs' allegations in *Ohio*.  Here, the alleged contamination of statewide natural resources is "indivisible" from 3M's manufacture of MilSpec products because

PFAS from both MilSpec and non-MilSpec products have indistinguishably commingled in the environment.  And as in *Ohio*, the State's disclaimer here "simply disavow[s] any attempt to recover based on [3M's] indivisible federal conduct" and "turns on whether [3M's] actions are in fact related to conduct undertaken under color of federal office."  Op. 9-10.  Remanding would thus "den[y] [3M] a chance to present [its] federal defenses in federal court" and instead "allow a state court to decide" whether and to what extent the charged conduct is in fact related to 3M's federal work.  Op. 10.  Under *Ohio*, 3M's charged conduct readily satisfies § 1442(a)(1)'s "'connection or association' with" requirement (Op. 12-13) because 3M plausibly alleges that there is no ready way to distinguish between PFAS sourced from MilSpec products and PFAS sourced from non-MilSpec products commingled in the environment (and even if possible, a federal court must be the one to resolve any questions of causation and source allocation, which necessarily implicate the scope of 3M's federal defense).

Dated: February 17, 2026                    Respectfully submitted,

   */s/ Lauren R. Goldman*

Lauren R. Goldman (*pro hac vice*)
Justine Goeke (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
(212) 351-2375
lgoldman@gibsondunn.com


   */s/ Ritchie E. Berger*

Ritchie E. Berger
Kendall Hoechst
Anne Rosenblum
DINSE P.C.
209 Battery Street. P.O. Box 988
Burlington, VT 05401
Tel:  (802) 864-5751
RBerger@dinse.com

   */s/ Beth A. Wilkinson*
Beth A. Wilkinson (*pro hac vice*)
Jolee Porter (*pro hac vice*)
WILKINSON STEKLOFF LLP
2001 M Street, NW
Washington, DC 20036
Tel: (202) 847-4000
Fax: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
jporter@wilkinsonstekloff.com

*Counsel for Defendant 3M Company*