**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT**

STATE OF VERMONT,

      Plaintiff,

    v.

3M COMPANY; E. I. DU PONT DE NEMOURS
AND COMPANY; THE CHEMOURS COMPANY;
THE CHEMOURS COMPANY FC, LLC; CORTEVA,
INC.; AND DUPONT DE NEMOURS, INC.,

      Defendants.

Case No. 2:25-cv-00660

**DEFENDANT 3M'S RESPONSE TO PLAINTIFF STATE OF VERMONT'S MOTION
FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM ADDRESSING RECENT
SUPREME COURT DECISIONS**

Defendant 3M Company (3M) submits that the Court should deny—or, in the alternative,
defer ruling on—the State's motion for leave to submit its proposed supplemental memorandum
addressing recent Supreme Court decisions. The Second Circuit is poised to issue a decision in
*Connecticut v. 3M Company*, No. 25-11 (2d Cir.), that will apply the latest Supreme Court
authorities to precisely the same issue presented here. Accordingly, the Court should order
supplemental briefing only after that ruling is issued.

In *Connecticut*, as here, the State brought two suits to recover for alleged PFAS
contamination of the same natural resources: one seeking recovery for contamination allegedly
stemming from AFFF-derived PFAS, while the other (this suit) purporting to disclaim damages
for contamination from AFFF. *See* Appellant's Opening Br. at 8–9, *Connecticut*, No. 25-11 (2d
Cir. Apr. 7, 2025), Dkt. 28.1. And there, as here, the State argued that its disclaimers regarding
the scope of its claim—disavowing recovery for alleged harms stemming from AFFF-derived

PFAS—entitled the State to litigate the case in state court, notwithstanding 3M's plausible allegations of indistinguishable commingling. *See id.* at 11–12; Appellee's Br. at 29–45, *Connecticut*, No. 25-11 (2d Cir. July 8, 2025), Dkt. 34.1. In *Connecticut*, 3M appealed the district court's order granting the State's motion to remand; the parties completed briefing on August 12, 2025; and oral argument took place on November 20, 2025.

Thus, the Second Circuit will imminently decide the key issue at stake here: whether federal-officer removal is proper in light of 3M's plausible allegations that PFAS from MilSpec CCLs and MilSpec AFFF has indistinguishably commingled with other PFAS at sites for which the State seeks recovery. And in doing so, the Second Circuit will necessarily consider the Supreme Court's latest decisions—including its decision on federal-officer removal in *Chevron USA Inc. v. Plaquemines Parish*, which makes clear that courts must "credit plausible factual allegations by the removing party" in assessing whether "some relation" exists between "its challenged conduct and the performance of its federal duties." 608 U.S. --, 146 S. Ct. 1052, 1060–61 (2026) (citations omitted). In fact, during oral argument, the panel suggested it would reserve decision pending resolution of *Chevron*, and 3M recently submitted a letter of supplemental authority addressing that case. *See* Fed. R. App. P. 28(j) Letter, *Connecticut*, No. 25-11 (2d Cir. Apr. 29, 2026), Dkt. 56. Of the Supreme Court's recent decisions that the State seeks to address, *Chevron* is most likely to guide the disposition of this case as the other two rulings do not concern federal-officer removal. *See* Dkt. 178 at 1 (citing *Hain Celestial Grp., Inc. v. Palmquist*, 607 U.S. --, 146 S. Ct. 724 (2026); *Enbridge Energy, LP v. Nessel*, 608 U.S. --, 146 S. Ct. 1074 (2026)).

Permitting briefing now, by contrast—*before* the Second Circuit decides *Connecticut*—will result in piecemeal supplemental briefing that may soon be overtaken by controlling circuit precedent. Briefing without the benefit of *Connecticut* will be *less* helpful to the Court and will

create inefficiencies for the Court and the parties.  3M made precisely this point to the State, suggesting that the parties should jointly request that the Court accept supplemental briefing after the Second Circuit issues its decision in *Connecticut*.  The State rejected that streamlined proposal without explanation and did not identify any benefit of rushing ahead with further briefing now. The State's motion likewise offers no good reason for further briefing on recent appellate decisions concerning pertinent issues before the Second Circuit resolves the *same* legal question this case presents in the context of nearly identical facts.

This Court should therefore set a schedule and page limit for supplemental briefing after the Second Circuit's decision in *Connecticut*.  Doing so will promote the "efficient and expedient resolution" of this case by enabling the parties to address all pertinent legal developments in one consolidated supplemental brief.  *Jewell v. U.S. Dep't of Educ.*, 2022 WL 14770584, at *4 (D. Vt. Oct. 26, 2022) (quoting *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016)); *see also*, *e.g.*, *United States v. Washington*, 171 F. App'x 908, 909 (2d Cir. 2006) (noting that the court previously "instructed the parties to delay supplemental briefing in the case until after this court issued its decision" in a related pending case)).

In the alternative, if the Court grants the State's motion for leave to file a supplemental memorandum, 3M requests leave to respond to that memorandum within 14 days of any order granting the State leave.

Dated: May 6, 2026

Respectfully submitted,

*/s/ Lauren R. Goldman*

Lauren R. Goldman (*pro hac vice*)
Justine Goeke (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 351-2375
lgoldman@gibsondunn.com


*/s/ Ritchie E. Berger*


Ritchie E. Berger
Kendall Hoechst
Anne Rosenblum
DINSE P.C.
209 Battery Street, P.O. Box 988
Burlington, VT 05401
Tel: (802) 864-5751
rberger@dinse.com

*/s/ Beth A. Wilkinson*
Beth A. Wilkinson (*pro hac vice*)
Jolee Porter (*pro hac vice*)
WILKINSON STEKLOFF LLP
2001 M Street, NW
Washington, DC 20036
Tel: (202) 847-4000
Fax: (202) 847-4005
bwilkinson@wilkinsonstekloff.com
jporter@wilkinsonstekloff.com

*Counsel for Defendant 3M Company*

4