**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

| | |
|---|---|
| STATE OF VERMONT, | ) |
| | ) |
| Plaintiff, | ) Case Nos. 2:24-cv-19-MKL and 2:25- |
| | ) cv-660-MKL (lead) |
| v. | ) |
| | ) |
| 3M COMPANY, EIDP, INC., THE CHEMOURS | ) |
| COMPANY, THE CHEMOURS COMPANY FC, | ) |
| LLC, CORTEVA, INC., and DUPONT DE | ) |
| NEMOURS, INC., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF STATE OF VERMONT'S REPLY IN SUPPORT OF MOTION FOR LEAVE
TO FILE SUPPLEMENTAL MEMORANDUM ADDRESSING RECENT
SUPREME COURT DECISIONS**

The State brought this case nearly seven years ago to address serious environmental contamination and risks to human health caused by 3M and DuPont's toxic PFAS chemicals.  In response to the State's straightforward motion for leave to file a supplemental brief addressing recent Supreme Court decisions that are relevant to the State's pending motions to remand, 3M effectively seeks to stay this case until the Second Circuit's decision in *Connecticut v. 3M Company*, No. 25-11 (2d Cir.).  But 3M has not met its burden for a stay to await a decision that will not be dispositive to the State's pending motions and that concerns a disclaimer that is different from the State's.  The State respectfully requests that this Court grant the State's motion to file its supplemental brief addressing important new Supreme Court authority and reject 3M's latest attempt at delay.

First, 3M asserts that the Second Circuit is "poised to issue a decision in *Connecticut*," Dkt. 179 at 1, but that is speculation.  There is no way for 3M to predict when the Second Circuit will decide *Connecticut*, which could be many months away.  By arguing against supplemental

briefing now, 3M is implicitly asking for an indefinite stay of the remand decision in this case that was mere months away from the trial-ready date before 3M removed it.  Since the State's case has been pending for years, the "interests of justice or judicial efficiency" are not served by prolonging the case "while the Court and the parties wait for a Second Circuit decision in [a] separate case[]."  *See Laufer v. Laxmi & Sons, LLC*, No. 1:19-cv-01501 (BKS/ML), 2021 WL 2525153, at *3 (N.D.N.Y. June 14, 2021); *see also In re Bernard L. Madoff Inv. Sec. LLC*, No. 1:21-cv-02334-CM, 2022 WL 493734, at *9 (S.D.N.Y. Feb. 17, 2022) (declining to wait for Second Circuit decision in separate case even though it might "provide useful guidance" because "court has stayed its hand long enough" on pending motion).  There is no reason to delay the process of simply presenting the parties' views on recent Supreme Court decisions that are relevant to the State's pending motions.

Second, 3M states that the Second Circuit in *Connecticut* will "decide the key issue at stake here" and will "resolve[] the *same* legal question" presented in the State's case, Dkt. 179 at 2-3, but the State's pending motions raise numerous issues that will not be decided in *Connecticut* and that are independent bases to remand.  As 3M notes, the issue in *Connecticut* is whether Connecticut's disclaimer is effective.  Dkt. 179 at 1-2; *see also* 3M's Opening Br. at 52, *Connecticut*, No. 25-11 (2d Cir. Apr. 7, 2025), Dkt. 28.1 ("The State staked its entire case for remand on its purported disclaimer . . . .").  Here, the State's grounds for remand include 3M's non-compliance with removal procedures and untimeliness, among others.  This means that 3M cannot meet its burden to stay.  *See In re Optimal U.S. Litig.*, 865 F. Supp. 2d 451, 456 (S.D.N.Y. 2012) ("Because I do not believe the Second Circuit's decision in *Elliott* will be dispositive of the issues in this case, I deny plaintiffs' request that I wait for the Second Circuit's decision in *Elliott* before issuing this opinion.").

2

Third, 3M is wrong that *Connecticut* presents "nearly identical facts" as this case. Dkt. 179 at 3. Connecticut's disclaimer is different from Vermont's in that it does not seek to disclaim PFAS at mixed sites, i.e., those sites with non-AFFF and AFFF contamination. *Connecticut v. EIDP, Inc.*, No. 3:24-cv-239 (SRU), 2024 WL 5135601, at *5 (D. Conn. Dec. 17, 2024) ("the State did concede that it seeks relief for sites where PFAS contamination from AFFF and non-AFFF sources may be commingled"); *accord* Oral Argument Tr. at 31 (Dec. 3, 2025); *see also* Dkt. 53 at 17-21 (discussing different types of disclaimers). Here, the State has disclaimed any recovery for a site that is even partially contaminated by AFFF and does not seek to recover for any sites with mixed AFFF and non-AFFF contamination. Dkt. 53 at 20; Dkt. 130 at 11-12 (Removal II). Moreover, the State has made a location-based disclaimer of the Rutland landfill, on which 3M based its first removal. *See, e.g.*, Dkt. 164 at 8-11 (Removal I). To be sure, *Connecticut* may, by validating a sister state's disclaimer that is less comprehensive than the one at issue here, also validate the one here. But a ruling against the plaintiff in *Connecticut* will not necessarily invalidate the disclaimer here given the differences in the disclaimers and the factual records. (And will not address the State's other grounds for remand at all.) In short, 3M is wrong about there being "nearly identical facts" or the "*same* legal question."[1]

---

[1] 3M's caselaw is not on point. Neither *Jewell v. United States Dep't of Educ.*, No. 2:22-cv-53-KJD, 2022 WL 14770584 (D. Vt. Oct. 26, 2022), nor *Dietz v. Bouldin*, 579 U.S. 40 (2016), discuss the propriety of supplemental briefing at all. And the court in *United States v. Washington*, 171 F. App'x 908, 909 (2d Cir. 2006), simply notes without analysis that the Second Circuit instructed the parties to delay supplemental briefing in a criminal case while awaiting a Second Circuit decision that was issued merely two weeks later. *Washington* does not support 3M's argument that this Court should stay this case for an unknown and indefinite period of time while the Second Circuit decides *Connecticut*.

3

The State requests that the Court grant its motion and deny 3M's request to stay the case pending a decision in *Connecticut*.  The State does not oppose 3M's request to file a supplemental brief as long as it is of commensurate length to the State's supplemental brief.


Dated: May 11, 2026

Respectfully submitted,

STATE OF VERMONT

CHARITY R. CLARK
ATTORNEY GENERAL

*/s/ Laura B. Murphy*
Laura B. Murphy
Assistant Attorney General
109 State Street
Montpelier, VT 05609-1001
(802) 828-3186
laura.murphy@vermont.gov

Matthew F. Pawa
Benjamin A. Krass
MacKennan Graziano (*pro hac vice*)
Gillian Cowley (*pro hac vice*)
PAWA LAW GROUP, P.C.
1280 Centre Street, Suite 230
Newton Centre, MA 02459
(617) 641-9550
mp@pawalaw.com
bkrass@pawalaw.com
mgraziano@pawalaw.com
gcowley@pawalaw.com

Kyle J. McGee (*pro hac vice*)
Viola Vetter (*pro hac vice*)
GRANT & EISENHOFER P.A.
123 Justison Street
Wilmington, DE 19801
(302) 622-7000
kmcgee@gelaw.com
vvetter@gelaw.com